Appeal No. 19-______

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

In re Teamsters, Chauffeurs, Warehousemen, Industrial and Allied Workers of America, Local 166, Petitioner

---

TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, INDUSTRLAL AND ALLIED WORKERS OF AMERICA, LOCAL 166, Petitioner-Defendant

v.

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, Respondent,

and

KRIS DE NAVA; AND COSTCO WHOLESALE CORPORATION, Real Parties In Interest.

---

# PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA (Case No. 2:19-cv-09347-PA)

---

LAURENCE S. ZAKSON (CSB 119435) (laurencez@rac-law.com) and
WILLIAM Y. SHEH (CSB 221275) (williams@rac-law.com), Members of
REICH, ADELL & CVITAN
A Professional Law Corporation
3550 Wilshire Blvd, Suite 2000
Los Angeles, California 90010
Telephone: (213) 386-3860
Facsimile: (213) 386-5583
Attorneys for Petitioner-Defendant Local 166

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellant Procedure 26.1, Petitioner Teamsters, Chauffeurs, Warehousemen, Industrial and Allied Workers of America, Local 166 ("Local 166"), hereby files its corporate disclosure statement and certifies that Local 166 does not have a parent corporation. Local 166 is an unincorporated association, has no stock, and therefore no publicly held company holds 10% or more of its stock.

Dated: November 8, 2019

REICH, ADELL & CVITAN
A Professional Law Corporation

By: /s/ Laurence S. Zakson

Laurence S. Zakson
3550 Wilshire Blvd., Suite 2000
Los Angeles, CA 90010
Telephone: (213) 386-3860
Email: laurencez@rac-law.com
Attorneys for Petitioner Local 166

## STATEMENT OF RELATED CASES

Petitioner is unaware of any other related case in this Court.

Dated: November 8, 2019

REICH, ADELL & CVITAN
A Professional Law Corporation

By: /s/ Laurence S. Zakson

Laurence S. Zakson
3550 Wilshire Blvd., Suite 2000
Los Angeles, CA 90010
Telephone: (213) 386-3860
Email: laurencez@rac-law.com
Attorneys for Petitioner Local 166

# TABLE OF CONTENTS

RELIEF SOUGHT……………………………………………………………1

JURISDICTIONAL STATEMENT………………………………….…….2

ISSUES PRESENTED…………………………………………………..3

FACTS NECESSARY TO UNDERSTAND ISSUE PRESENTED……………4

STANDARD OF REVIEW……………………………………………...8

REASONS WHY WRIT SHOULD ISSUE…………………………..…9

A. Mandamus Should Issue Because Petitioner Has No Other Adequate Remedy and Local 166 Will Be Damaged or Prejudiced…………………………………………9

B. District Court Clearly Erred By Completely Ignoring Petitioner's Joinder and Notice of Removal of Local 166, Which Was Before the Court……………………………..11

CONCLUSION…………………………………………………………….18

# TABLE OF AUTHORITIES

## Federal Cases


*5800 Harold, LLC v. Ra*,
2019 U.S. Dist. LEXIS 123716 (C.D. Cal. 2019)....................12

*Allis-Chalmers Corp. v. Lueck*,
471 U.S. 202 (1985).................... 15, 17

*Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co.*,
621 F.3d 931 (9th Cir. 2010) .................... 10

*Bauman v. U.S. Dist. Ct.*,
557 F.2d 650 (9th Cir. 1977) .................... 8

*Cook v. Lindsay Olive Growers*,
911 F.2d 233 (9th Cir. 1990) .................... 16

*Crystal Prop. Mgmt. v. Camilon*,
2019 U.S. Dist. LEXIS 155333 (C.D. Cal. 2019)....................12

*Dayton v. Modesto Irrigation Dist.*,
2007 U.S.Dist.LEXIS 85791 (E.D. Cal. 2007).................... 16

*Dente v. Int'l Org. of Masters, Mates and Pilots, Local 90*,
492 F.2d 10 (9th Cir. 1973) .................... 14

*Deutsche Bank v. Gordon*,
2019 U.S. Dist. LEXIS 185278 (C.D. Cal. 2019)....................12

*Dominguez v. 24-7 Safety*,
2019 U.S. Dist. LEXIS 161254 (C.D. Cal. 2019)....................12

*Duvernay v. Bailey*,
2019 U.S. Dist. LEXIS 165828 (C.D. Cal. 2019)....................12

*Galindo v. Stoody Co.*,
793 F.2d 1502 (9th Cir. 1986) .................... 13

*Gardner v. Durham D&M LLC*,
2019 U.S. Dist. LEXIS 125214 (C.D. Cal. 2019)....................12

*Hines v. Anchor Motor Freight, Inc.*,
424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976).................... 14

*In re Henson*,
869 F.3d 1052 (9th Cir. 2017) .................... 9

*Janfaza v. Royal Palace Girls Cabaret, LLC*,
2019 U.S. Dist. LEXIS 189436 (C.D. Cal. 2019)....................12

*Madison v. Motion Picture Set Painters & Sign Writers Local 729*,
132 F.Supp.2d 1244 (C.D. Cal. 2000) .................... 16

*Magrath v. Marsh & McLennan Cos.*,
2019 U.S. Dist. LEXIS 140178 (C.D. Cal. 2019)....................12

*Megwa v. Jenkins*,
2019 U.S. Dist. LEXIS 114840 (C.D. Cal. 2019)....................12

*Metro Gateway, LLC v. Knox*,
2019 U.S. Dist. LEXIS 164595 (C.D. Cal. 2019)....................12

*Nosie v. Ass'n of Flight Attendants – SWA*,
722 F.Supp.2d 1181 (D. Hi. 2010).................... 13

*Perry v. Schwarzenegger*,
591 F.3d 1147 (9th Cir. 2010) .......... 9, 11, 12

*Peterson v. Kennedy*,
771 F.2d 1244 (9th Cir. 1985) .......... 13

*Powerex Corp. v. Reliant Energy Servs.*,
551 U.S. 224, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007) .......... 10

*Quackenbush v. Allstate Ins. Co.*,
517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) .......... 10

*Retana v. Apartment, Motel, Hotel and Elevator Operators Union, Local 14*,
453 F.2d 1018 (9th Cir. 1972) .......... 13

*Taylor v. Giant Foods, Inc.*,
438 F.Supp.2d 576 (D. Md. 2006) .......... 12

*Thermtron Prods. v. Hermansdorfer*,
423 U.S. 336 (1976) .......... 9

*Vaca v. Sipes*,
386 U.S. 171 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) .......... 3, 13

## Federal Statutes

28 U.S.C. § 1331 .......... 2, 15
28 U.S.C. § 1367(a) .......... 17
28 U.S.C. § 1441(a) .......... 2, 15
28 U.S.C. § 1446 .......... 15
28 U.S.C. § 1446(b) .......... 17
28 U.S.C. § 1447(c) .......... 10
28 U.S.C. § 1447(d) .......... 9

**LMRA**
29 U.S.C. § 152(5) .......... 6
29 U.S.C. § 159 .......... 13
29 U.S.C. § 185 .......... 6
29 U.S.C. § 185(a) .......... 15

**Writs Act**
28 U.S.C. § 1651 .......... 3

## RELIEF SOUGHT

Petitioner Teamsters, Chauffeurs, Warehousemen, Industrial and Allied Workers of America, Local 166 ("Local 166" or "Petitioner"), erroneously identified in the first amended complaint as "Teamsters Union Local 166," respectfully requests that this Court issue a writ of mandamus directing the United States District Court for the Central District of California, in the case entitled, *Kris De Nava v. Costco Wholesale Corp.*, *et al.*, Dist. Ct. No. 2:19-cv-09347-PA-JC, to set aside or vacate its remand order, dated October 31, 2019 ("Remand Order"), [District Court Docket Number ("Dkt.") 14; Addendum ("Add.") 4]. The Remand Order remanded this matter to the Superior Court of the State of California for the County of Los Angeles ("State Court"), Case No. 19PSCV00423. The District Court's Remand Order was issued by the District Court, *sua sponte*, without notice or an opportunity to be heard, within 24 hours of the filing of the Notice of Removal by Defendant Costco Wholesale Corporation ("Costco"), [Dkt. 1; Add. 45]. The Remand Order was ostensibly based on the District Court's lack of subject matter jurisdiction, but even though the Petitioner's Consent to and Joinder in Notice of Removal of Defendant Costco and Notice of Removal of Defendant Local 166 ("Joinder and Notice of Removal"), [Dkt. 7; Add. 10], was on file at the time of remand, the Remand Order [Dkt. 14; Add. 4] was based solely on the District Court's rejection of the grounds set forth in Costco's Notice of Removal

and did not mention or address the additional grounds for removal in the Joinder and Notice of Removal. This omission occurred despite the fact that the Joinder and Notice of Removal was timely and presented *separate and additional grounds* for the removal of the State Court Action in satisfaction of 28 U.S.C. § 1441(a)--including that the first amended complaint presented on its face a breach of duty of fair representation claim that is solely against Local 166 and that manifestly arises under federal law.

If this Court does not issue a Writ of Mandamus, Petitioner Local 166 will be deprived of its right to defend itself in a federal forum against claims based on federal law brought by plaintiff-real party in interest Kris De Nava ("De Nava"). Thus, Petitioner seeks a writ of mandamus ordering the District Court to set aside or vacate its Remand Order and directing the District Court to accept jurisdiction of this case. In the alternative, Petitioner seeks a writ of mandamus ordering the District Court to set aside or vacate its Remand Order and to fully consider and address the grounds and arguments asserted by Petitioner in its Joinder and Notice of Removal, and to allow the parties the opportunity to provide further briefing, in connection with any ruling or order relating to any potential remand of the State Court Action.

## JURISDICTIONAL STATEMENT

The District Court has and had original jurisdiction under 28 U.S.C. § 1331

because plaintiff Kris De Nava's claims against Petitioner Local 166 clearly arise under, or are based upon alleged violations of, federal law. As discussed below, the *gravamen* of De Nava's claims against Local 166 are based entirely upon Local 166's asserted breach of its duty of fair representation to De Nava--who was a member of a bargaining unit represented by Local 166--arising from Local 166's assertedly arbitrary, discriminatory, or bad faith handling of a grievance filed by Local 166 against Costco pursuant to the applicable collective bargaining between Local 166 and Costco. It is well established that breach of the duty of fair representation is a federal cause of action "grounded in federal statutes" and that "federal law therefore governs [a] cause of action" for breach of the duty of fair representation. *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

This Court also has jurisdiction to issue a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651, which provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," and Rule 21 of the Federal Rules of Appellate Procedure.

## ISSUES PRESENTED

A writ of mandamus should issue where a District Court exceeds its authority and the petitioner has no other means of redress. Here, the District Court

issued its *sua sponte* Remand Order remanding the claims *against Petitioner* without considering or addressing the arguments and grounds for removal provided in Petitioner's Joinder and Notice of Removal. Rather, the District Court based its Remand Order solely on consideration of the grounds for removal set forth in the Notice of Removal filed by defendant Costco. Unless a writ issues, Petitioner will be deprived of its right to be in federal court and forced to defend itself in State Court against a manifestly federal claim--Local 166's alleged breach of its duty of fair representation—and related claims which, viewed under the well pleaded complaint rule, also arise under federal law. Because the remand returns the case to the State Court for further proceedings in that court without regard to whether an appeal to this Court is pending, there is a need for immediate (*mandamus*) relief if Petitioner's right to a federal forum for the federal claim(s) against it is to be vindicated. Thus, the issue presented is whether, in these circumstances, the District Court's *sua sponte* remand of claims against Petitioner without considering the basis for Petitioner's joinder in the removal warrants the issuance of a writ of mandamus ordering the District Court below to set aside or vacate its Remand Order.

**FACTS NECESSARY TO UNDERSTAND ISSUE PRESENTED**

1. On May 6, 2019, the State Court Action was commenced by the filing of a complaint by plaintiff Kris De Nava ("De Nava") against defendants Costco

Wholesale Membership, Inc., a California corporation, and Does 1-50. [Add. 98.]

2. The original complaint alleged two causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. [Add. 98.]

3. On September 26, 2019, a first amended complaint was filed in the State Court Action, which amended the original complaint by: (1) changing the name of defendant Costco Wholesale Membership, Inc., a California corporation, to Costco Wholesale Corporation, a Washington corporation; (2) adding defendant Teamsters, Chauffeurs, Warehousemen, Industrial and Allied Workers of America, Local 166, erroneously identified as Teamsters Union Local 166; and (3) alleging five causes of action for: (1) breach of contract, (2) breach of an implied-in-fact contract, (3) breach of the implied covenant of good faith and fair dealing, (4) *breach of the duty of fair representation*, and (5) intentional misrepresentation. [Add. 115.]

4. A copy of the first amended complaint, Summons, and other papers were left with Local 166's receptionist on October 1, 2019, and were not served on any officers of Local 166. [Add. 18, ¶ 3.]

5. Prior to October 1, 2019, Local 166 had not received any papers relating to the State Court Action. [Add. 18, ¶ 3.]

6. Subsequently, via U.S. mail with postage dated October 15, 2019,

Local 166 received a packet of the same documents that were left with Local 166's receptionist on October 1, 2019. [Add. 18, ¶ 4.]

7. On October 30, 2019, Costco filed its Notice of Removal and supporting papers. [Dkt. 1; Add. 45.]

8. On the morning of October 31, 2019, at 10:27 a.m., Local 166 timely filed its Joinder and Notice of Removal. [Dkt. 7; Add. 9-10.]

9. As provided in its Joinder and Notice of Removal, Local 166 joined in, consented to, adopted, and incorporated as its own the arguments and authorities set forth in defendant Costco's Notice of Removal. However, in addition to those reasons, Local 166's Joinder and Notice of Removal also set forth *separate grounds* supporting removal of the State Court Action to the District Court based upon plaintiff's claims against Local 166 arising out of Local 166's duty of fair representation owed to plaintiff. [Add. 10.]

10. Local 166 is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, as amended ("NLRA"), 29 U.S.C. § 152(5), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

11. At the time that plaintiff De Nava's claims arose, plaintiff was a member of the Costco bargaining unit represented by Local 166. [Add. 118, at ¶ 14.]

12. Local 166 is party to a Collective Bargaining Agreement ("CBA") with Costco, which sets forth procedures for the settlement of disputes, and provides that Plaintiff could "be terminated from her employment only for just cause." [Add. 117-118, at ¶¶ 10, 15.]

13. Plaintiff alleges that she had an agreement regarding covered absences—i.e., the CBA—and that she was terminated from her employment for excessive absences in violation of the agreement and without just cause. [Add. 118-119, at ¶¶ 15, 17, and 24.]

14. Plaintiff was terminated on about July 6, 2017, and Local 166 filed and processed a grievance on her behalf regarding her termination in accordance with the grievance procedure set forth in her CBA, which grievance was denied on October 16, 2017. [Add. 117, 119, at ¶¶ 10, 24, and 26.]

15. Plaintiff alleges that Local 166 "controlled the grievance process" and that its handling of her grievance was deficient. [Add. 123, at ¶ 61.]

16. Plaintiff alleges that Local 166 owed a "duty of fair representation" to its members, including plaintiff, requiring Local 166 "to serve the interests of its members … without hostility or discrimination, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." [Add. 123, at ¶ 60.]

17. Plaintiff alleges that Local 166's actions in handling or processing its

grievance against Costco on behalf of plaintiff De Nava were "arbitrary, discriminatory, or in bad faith." [Add. 123, at ¶ 63.]

18. On October 31, 2019, at 4:07 p.m., which was several hours after Petitioner's Joinder and Notice of Removal had already been timely filed and was pending before the District Court, the court, *sua sponte*, entered its Remand Order remanding the State Court Action to the Superior Court of the State of California for the County of Los Angeles, [Dkt. 14; Add. 4 & 9.], which Remand Order ignored the *separate grounds and arguments* for removal set forth in Local 166's Joinder and Notice of Removal.

**STANDARD OF REVIEW**

The standard of review on a petition for writ of mandamus is clear error. *See Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 658 (9th Cir. 1977). In reviewing the petition, the Court considers the following five factors from *Bauman*:

(1) whether the petitioner has no other means, such as direct appeal, to obtain the desired relief;

(2) whether the petitioner will be damaged or prejudiced in any way not correctable on appeal;

(3) whether the district court's order is clearly erroneous as a matter of law;

(4) whether the district court's order is an oft repeated error or manifests

a persistent disregard of the federal rules; and

(5) whether the district court's order raises new and important problems or issues of first impression.

*Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2010), citing *Bauman*, 557 F.2d at 654–55. A petitioner need not satisfy all five factors at once. *In re Henson*, 869 F.3d 1052, 1058 (9th Cir. 2017) (granting writ of mandamus despite that both the fourth and fifth factors weighed against relief). Here, the second and third factors weigh heavily in favor of a writ of mandamus and the first factor also militates in favor of such a result.

## REASONS WHY WRIT SHOULD ISSUE

### A. Mandamus Should Issue Because Petitioner Has No Other Adequate Remedy and Local 166 Will Be Damaged or Prejudiced.

The first two *Bauman* factors are (1) "whether the petitioner has no other means, such as direct appeal, to obtain the desired relief" and (2) "whether the petitioner will be damaged or prejudiced in any way not correctable on appeal." *Perry*, 591 F.3d at 1156. Under 28 U.S.C. § 1447(d), an order remanding a matter to state court for lack of subject-matter jurisdiction is normally immune from review. *See Thermtron Prods. v. Hermansdorfer*, 423 U.S. 336, 343 (1976). However, when the order is issued on grounds not authorized by 28 U.S.C. § 1447(c), the defendant may seek review by mandamus. *Id.* at 352–53; *cf.*

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 715, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (allowing direct appeal of remand order).

Here, the Remand Order is based upon grounds not authorized by 28 U.S.C. § 1447(c) because, notwithstanding that Petitioner's Joinder and Notice of Removal had been filed before the entry of the Remand Order and was pending before the District Court, the District Court completely ignored the separate and independent grounds for removal in Petitioner's Joinder and Notice of Removal. Indeed, nowhere in the Remand Order does the District Court mention, reference, acknowledge or in any way consider Petitioner or the basis for removal set forth in Petitioner's Joinder and Notice of Removal. In these circumstances, the Remand Order, insofar as it relates to *Petitioner*, cannot be "colorably characterized" as a remand based upon a lack of subject matter jurisdiction, and this Court has jurisdiction to hear this matter. *Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 937 (9th Cir. 2010) (discussing *Powerex* and the Court's enunciation "that review of the District Court's characterization of its remand as resting upon lack of subject-matter jurisdiction … should be limited to confirming that the characterization was colorable"), *citing Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224, 234, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007).

Further, because the Remand Order did not address or otherwise reference Petitioner's Joinder and Notice of Removal, Petitioner's right to a direct appeal as

the proper procedural vehicle to seek appellate review of the Remand Order is not entirely clear. In addition, although Petitioner, out of an abundance of caution, will also be filing a direct appeal of the Remand Order, a direct appeal does not provide an adequate remedy or the "desired relief" sought by Petitioner, and Petitioner will be "damaged or prejudiced in any way not correctable on appeal," [*Perry*, 591 F.3d at 1156], because, in practice, it can take a considerable amount of time—likely more than a year—to obtain a decision through a direct appeal, whereas a decision on a Petition for Writ of Mandamus is typically issued on a much more expedited basis. This is critical because, while any direct appeal is pending before this Court, Petitioner, as a result of the Remand Order, is (and shall continue to be) forced to defend itself and litigate plaintiff's federal claims against Petitioner in state court, including preparing and filing responsive pleadings to the first amended complaint in the state court, being subject to early discovery requests from plaintiff De Nava, and potentially having to prepare and file dispositive motions in the state court, all while any direct appeal is pending before this Court. Thus, Petitioner will be harmed and prejudiced and there is no other adequate remedy except through a writ of mandamus.

B. <u>District Court Clearly Erred By Completely Ignoring Petitioner's Joinder and Notice of Removal of Local 166, Which Was Before the Court</u>.

The third *Bauman* factor is "whether the district court's order is clearly

erroneous as a matter of law." *Perry*, 591 F.3d at 1156. A review of the District Court's Remand Order, [Dkt. 14, Add. 4], on its face, clearly demonstrates that the District Court, in its haste to issue, *sua sponte*, an order remanding this matter to state court, erroneously failed to consider, review, address or otherwise reference Local 166's Joinder and Notice of Removal, [Dkt. 7, Add. 10], and the separate arguments made therein.[1/]

This error was prejudicial because a review of the separate arguments and grounds set forth in Petitioner's separate Joinder and Notice of Removal would

---

[1/] The District Court's persistent practice of issuing *sua sponte* remand orders without providing the parties any opportunity to address or respond to the Court's jurisdictional concerns, via, for example, an order to show cause, could also be viewed as providing additional grounds for consideration of this matter via a writ of mandamus. *Perry*, 591 F.3d at 1156 (discussing the fourth element warranting writ relief—the persistence of the erroneous practice). In the last four months alone, shortly, if not immediately, after receiving a notice of removal, the court below has, *sua sponte*, remanded ten (10) separate matters to the state court based ostensibly upon a lack of subject-matter jurisdiction, without providing the parties an opportunity to address the Court. [*See Megwa v. Jenkins*, 2019 U.S. Dist. LEXIS 114840 (C.D. Cal. 2019); *Gardner v. Durham D&M LLC*, 2019 U.S. Dist. LEXIS 125214 (C.D. Cal. 2019); *Crystal Prop. Mgmt. v. Camilon*, 2019 U.S. Dist. LEXIS 155333 (C.D. Cal. 2019); *5800 Harold, LLC v. Ra*, 2019 U.S. Dist. LEXIS 123716 (C.D. Cal. 2019); *Magrath v. Marsh & McLennan Cos.*, 2019 U.S. Dist. LEXIS 140178 (C.D. Cal. 2019); *Dominguez v. 24-7 Safety*, 2019 U.S. Dist. LEXIS 161254 (C.D. Cal. 2019); *Metro Gateway, LLC v. Knox*, 2019 U.S. Dist. LEXIS 164595 (C.D. Cal. 2019); *Janfaza v. Royal Palace Girls Cabaret, LLC*, 2019 U.S. Dist. LEXIS 189436 (C.D. Cal. 2019); *Duvernay v. Bailey*, 2019 U.S. Dist. LEXIS 165828 (C.D. Cal. 2019); *Deutsche Bank v. Gordon*, 2019 U.S. Dist. LEXIS 185278 (C.D. Cal. 2019); Add. 132 *et seq*.] Here, if the court had provided the parties with an opportunity to respond to the Court's jurisdictional concerns, Petitioner would have been able to inform the Court that it had failed to consider the grounds for removal in Petitioner's separate Joinder and Notice of Removal.

have clearly precluded remand of the State Court Action as it relates to Petitioner because the claims against Local 166 were clearly grounded upon Local 166's duty of fair representation, which is a federal cause of action. *Taylor v. Giant Foods, Inc.*, 438 F.Supp.2d 576, 583 (D. Md. 2006) (breach of union's duty of fair representation is grounded in federal statutes, and federal law governs the cause of action), *citing Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

More specifically, as to Plaintiff's fourth Cause of Action for Breach of the Duty of Fair Representation, [Add. 123-124, at ¶¶ 59-67], it is well-established that the duty of fair representation is a federal cause of action based upon, and derived from, Section 9(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159. *Retana v. Apartment, Motel, Hotel and Elevator Operators Union, Local 14*, 453 F.2d 1018, 1021-22 (9th Cir. 1972); *Nosie v. Ass'n of Flight Attendants – SWA*, 722 F.Supp.2d 1181, 1196 (D. Hi. 2010) (duty of fair representation is implied under the scheme of the NLRA and "imposed on labor organizations because of their status as the exclusive bargaining representative for all of the employees in a given bargaining unit"), *citing Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985). Here, the acts upon which Plaintiff bases this claim relate to Local 166's handling or "control[]" of Plaintiff's grievance against Costco, [Add. 117, 119, and 123, at ¶¶ 10, 26, 61], and the handling and processing of grievances

by a union is widely recognized as falling squarely within a union's duty of fair representation. *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986). Further, Plaintiff alleges that Local 166's handling of her grievance was deficient because Local 166 acted arbitrarily, discriminatorily or in bad faith, [Add. 123, at ¶ 63], which is the standard for establishing a breach of the duty of fair representation. *See Vaca*, 386 U.S. at 190 (a union breaches its duty of fair representation to the bargaining unit it represents by engaging in conduct which is arbitrary, discriminatory or in bad faith). Thus, the duty of fair representation is derived from federal labor law, and is properly within the jurisdiction of federal courts. *See id.* at 177; *Dente v. Int'l Org. of Masters, Mates and Pilots, Local 90,* 492 F.2d 10, 11-12 (9th Cir. 1973) (duty of fair representation is a federal question).

The complete preemption of Plaintiff's remaining causes of action and the appropriateness of considering them federal claims is also clearly established by Petitioner's arguments in its removal papers. The first two Causes of Action in the first amended complaint, which are for breach of contract and breach of implied-in-fact contract, [Add. 119-122, at ¶¶ 27-50], are--especially insofar as they relate to Petitioner--entirely dependent upon establishing a breach of the duty of fair representation by Local 166. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570-71, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976) ("To prevail against either the

company or the Union, [the employees] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty [of fair representation] by the Union."). Thus, to prevail on any breach of contract type claim, plaintiff must first establish a breach of Local 166's duty of fair representation.

And Plaintiff's breach of contract claims cannot be properly resolved without interpreting the terms of the CBA, as the claims all arise from the CBA. For example, plaintiff alleges that the CBA required "discharge … only for good cause," that "prior to any employment termination, the circumstances were to be reviewed with an Executive Vice President or above," and that "all employees shall be treated equally in respect to corrective consultations and there shall be no preferential treatment." [Add. 120-121, at ¶¶ 29-31, 43, and 46.] It is well-established that Section 301 of the LMRA, 29 U.S.C. § 185(a), preempts state law claims that are so "inextricably intertwined" with the terms of a collective bargaining agreement that their resolution will require judicial interpretation of the terms of that agreement. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 218-19 (1985). Accordingly, Plaintiff's asserted state law causes of action concerning the interpretation of the CBA and the "good cause" provision therein, [Add. 118-121, at ¶¶ 15, 28-34, 36, and 42], and the asserted breaches of the CBA, must be recharacterized under the artful pleading doctrine as arising under federal

law, *see*, *e.g.*, *Madison v. Motion Picture Set Painters & Sign Writers Local 729*, 132 F.Supp.2d 1244, 1250 (C.D. Cal. 2000), and are, therefore, completely preempted by federal law and are properly characterized as claims over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331. Therefore, these claims are removable to the District Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

Plaintiff's third Cause of Action, [Add. 122, at ¶¶ 51-58], for breach of the implied covenant of good faith and fair dealing is similarly preempted as "inextricably intertwined with consideration of the terms of the labor contract. (Citation omitted.) The claim for the breach of the covenant of good faith and fair dealing does indeed "require interpretation of the parties' Memorandum of Understanding," [see Add. 122, at ¶¶ 52-54], and is, therefore, wholly preempted by Section 301 of the LMRA. *Dayton v. Modesto Irrigation Dist.*, 2007 U.S.Dist.LEXIS 85791 at *24, *26 (E.D. Cal. 2007), *citing Cook v. Lindsay Olive Growers*, 911 F.2d 233, 239 (9th Cir. 1990) (breach of covenant of good faith and fair dealing cause of action preempted where collective bargaining agreement contains terms governing job security). Similarly, here, Plaintiff has alleged terms in the CBA governing job security, such as alleged termination only for "just or good cause." [Add. 118, 122, at ¶¶ 15-19, and 54.]

Similar to Plaintiff's other claims, Plaintiff's fifth Cause of Action for

Intentional Misrepresentation, [Add. 124-126, at ¶¶68-81], relies upon asserted misrepresentations made by the defendants concerning the terms of the CBA between Costco and Local 166, [Add. 124-125, at ¶¶ 69-72], and necessarily requires the interpretation of the CBA. Specifically, the first amended complaint and fifth Cause of Action alleges the existence of a CBA between Local 166 and Costco, [Add. 124, at ¶ 69], that the CBA provides for discharge of an employee only for "good cause," [Add. 124, at ¶ 70], and that the CBA provides various asserted job security protections or other rights to Plaintiff, [Add. 125, at ¶¶ 71-72]. Thus, the evaluation of Plaintiff's claim is "inextricably intertwined" with consideration of the terms of the CBA, and is preempted. *Allis-Chalmers Corp.*, *supra*, 471 U.S. at 213, 218-19.

Even assuming, *arguendo*, some portion of Plaintiff's asserted state law claims were not preempted, supplemental jurisdiction exists as to these claims inasmuch as all of Plaintiff's claims arise from the same course of conduct and involve interpretation of the CBA between Local 166 and Costco; therefore, any surviving state law claims are "so related to [the federal] claims … that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Finally, pursuant to 28 U.S.C. § 1446(b), Petitioner timely filed its separate Joinder and Notice of Removal within 30 days of receiving notice of the first amended complaint, which consented to the Notice of Removal filed by Costco, as

required by 28 U.S.C. § 1446(b)(2), and not only adopted some of Costco's arguments, but also asserted separate and additional grounds for removal.

Thus, Petitioner timely and sufficiently satisfied the statutory grounds for removal of the State Court Action.

## CONCLUSION

For the reasons stated, Petitioner respectfully requests that this Court issue the Writ of Mandamus as requested or, in the alternative, issue a Writ of Mandamus ordering the District Court to set aside or vacate its Remand Order and to fully consider and address the grounds and arguments asserted by Petitioner in its Joinder and Notice of Removal, and to allow the parties the opportunity to provide further briefing, in connection with any ruling or order relating to any potential remand of the State Court Action.

Dated: November 8, 2019

REICH, ADELL & CVITAN
A Professional Law Corporation

By: /s/ Laurence S. Zakson

Laurence S. Zakson
3550 Wilshire Blvd., Suite 2000
Los Angeles, CA 90010
Telephone: (213) 386-3860
Email: laurencez@rac-law.com
Attorneys for Petitioner Local 166

## CERTIFICATE OF COMPLIANCE

I hereby certify that this petition complies with Ninth Circuit Rule 21-2(c) and 32–3(2) because it totals 4,183 words, excluding the parts exempted by Federal Rules of Appellate Procedure 32(f).

I further certify that this petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010, in 14-point Times New Roman type.

Dated: November 8, 2019

REICH, ADELL & CVITAN
A Professional Law Corporation

By: /s/ Laurence S. Zakson

Laurence S. Zakson
3550 Wilshire Blvd., Suite 2000
Los Angeles, CA 90010
Telephone: (213) 386-3860
Email: laurencez@rac-law.com
Attorneys for Petitioner Local 166

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2019, I electronically filed the foregoing document, **PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA (Case No. 2:19-cv-09347-PA) ("PETITION")**, with the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify, to the best of my knowledge, that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system. In addition, I certify that I have caused a copy of the **PETITION** to be served, by First Class U.S. Mail, on the persons listed below:

Glenn E. Stern, Esq.
Matthew P. Malczynski, Esq.
Glenn Stern Law
333 W. Foothill Blvd
Glendora, CA 91741
Counsel for Plaintiff Kris De Nava

Matthew S. McConnell, Esq.
Tara Wilcox, Esq.
Sheppard, Mullin, Richter & Hampton
12275 El Camino Real Suite 200
San Diego, CA 92130
Counsel for Defendant Costco

Dated: November 8, 2019

REICH, ADELL & CVITAN
A Professional Law Corporation

By: /s/ Laurence S. Zakson
Laurence S. Zakson
3550 Wilshire Blvd., Suite 2000
Los Angeles, CA 90010
Telephone: (213) 386-3860
Email: laurencez@rac-law.com
Attorneys for Petitioner Local 166