Appeal No. 19-______

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

In re Teamsters, Chauffeurs, Warehousemen, Industrial and Allied Workers of America, Local 166, Petitioner

---

TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, INDUSTRLAL AND ALLIED WORKERS OF AMERICA, LOCAL 166, Petitioner-Defendant

v.

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, Respondent,

and

KRIS DE NAVA; AND COSTCO WHOLESALE CORPORATION, Real Parties In Interest.

---

# ADDENDUM TO PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA (Case No. 2:19-cv-09347-PA)

---

LAURENCE S. ZAKSON (CSB 119435) (laurencez@rac-law.com) and
WILLIAM Y. SHEH (CSB 221275) (williams@rac-law.com), Members of
REICH, ADELL & CVITAN
A Professional Law Corporation
3550 Wilshire Blvd, Suite 2000
Los Angeles, California 90010
Telephone: (213) 386-3860
Facsimile: (213) 386-5583
Attorneys for Petitioner-Defendant Local 166

# TABLE OF CONTENTS

District Court Docket Sheet……………………………………………..Add. 1

District Court Order, Docket No. 14 (October 31, 2019)……………………Add. 4

Order of Remand, Docket No. 15 (October 31, 2019)………………………Add. 8

Notice of Electronic Filing of Minute Order (October 31, 2019)…………....Add. 9

Joinder Filed by Defendant Teamsters Union Local 166 joining in Notice of Removal, Docket No. 7 (October 31, 2019)……………….…….. Add. 10

Notice of Electronic Filing of Joinder (October 31, 2019)………………..…Add. 15

Declaration of Dan Hernandez re: Joinder in Support of Notice of Consent to and Joinder in Removal, Docket No. 8 (October 31, 2019)……….Add. 17

Notice of Removal of Action Under 28 U.S.C. § 1331 Filed by Costco Wholesale Membership, Inc., Docket No. 1 (October 30, 2019).……Add. 45

Declaration of Matthew S. McConnell in Support of Notice of Removal of Action To Federal Court, Docket No. 1-1 (October 30, 2019)………Add. 51

Original State Court Complaint, Docket No. 1-2…………………...……...Add. 98

Original State Court Summons, Docket No. 1-3…………………………..Add. 103

Original State Court Cover Sheet, Docket No. 1-4………………………..Add. 104

Original State Court Notice of Case Assignment, Docket No. 1-5………..Add. 110

Original State Court Notice of Case Management Conference, Docket No. 1-6………………………………………………………………Add. 112

Amended State Court Summons, Docket No. 1-7…………………………Add. 113

First Amended Complaint, Docket No. 1-8……………………………..…Add. 115

*Megwa v. Jenkins*, 2019 U.S. Dist. LEXIS 114840 (C.D. Cal. 2019)....…..Add. 132

*Gardner v. Durham D&M LLC*, 2019 U.S. Dist. LEXIS 125214
(C.D. Cal. 2019)…..……………………………………………...Add. 134

*Crystal Prop. Mgmt. v. Camilon*, 2019 U.S. Dist. LEXIS 155333
(C.D. Cal. 2019)……………..……………………………...Add. 138

*5800 Harold, LLC v. Ra*, 2019 U.S. Dist. LEXIS 123716
(C.D. Cal. 2019)………..………………………………...Add. 140

*Magrath v. Marsh & McLennan Cos.*, 2019 U.S. Dist. LEXIS 140178
(C.D. Cal. 2019)……………………………..…………………...Add. 142

*Dominguez v. 24-7 Safety*, 2019 U.S. Dist. LEXIS 161254
(C.D. Cal. 2019)..…………………………………………...Add. 146

*Metro Gateway, LLC v. Knox*, 2019 U.S. Dist. LEXIS 164595
(C.D. Cal. 2019)..………………………………...…………Add. 150

*Janfaza v. Royal Palace Girls Cabaret, LLC*, 2019 U.S. Dist. LEXIS 189436
(C.D. Cal. 2019)………..………………………………...Add. 152

*Duvernay v. Bailey*, 2019 U.S. Dist. LEXIS 165828
(C.D. Cal. 2019)…………………………………………….....Add. 154

*Deutsche Bank v. Gordon*, 2019 U.S. Dist. LEXIS 185278
(C.D. Cal. 2019)..……………………………………………...Add. 156

ACCO,(JCx),CLOSED,DISCOVERY,MANADR,REMANDED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:19-cv-09347-PA-JC

Kris De Nava v. Costco Wholesale Corporation et al
Assigned to: Judge Percy Anderson
Referred to: Magistrate Judge Jacqueline Chooljian
Case in other court: Los Angeles County Superior Court, 19PSCV00423
Cause: 28:1441 Notice of Removal - Labor/Mgmnt. Relations

Date Filed: 10/30/2019
Date Terminated: 10/31/2019
Jury Demand: Plaintiff
Nature of Suit: 790 Labor: Other
Jurisdiction: Federal Question

**Plaintiff**

**Kris De Nava**
*an individual*

represented by **Glenn E Stern**
Glenn E Stern Law Offices
333 West Foothill Boulevard
Glendora, CA 91741
626-335-6844
Fax: 213-232-7111
Email: glennstern@sternatlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Costco Wholesale Corporation**
*a Washington corporation*
*formerly known as*
Costco Wholesale Membership, Inc.

represented by **Matthew Scott McConnell**
Sheppard Mullin Richter and Hampton LLP
12275 El Camino Real Suite 200
San Diego, CA 92130-2006
858-720-8900
Fax: 858-509-3691
Email: mmcconnell@sheppardmullin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tara Wilcox**
Sheppard Mullin Richter and Hampton LLP
12275 El Camino Real Suite 200
San Diego, CA 92130-2006
858-720-8900
Fax: 858-509-3691
Email: twilcox@sheppardmullin.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Teamsters Union Local 166**
*a California unincorporated association*

represented by **Laurence S Zakson**
Reich Adell and Cvitan APLC
3550 Wilshire Boulevard Suite 2000
Los Angeles, CA 90010

213-927-1946
Fax: 213-386-5583
Email: laurencez@rac-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1-50, inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/30/2019 | 1 | NOTICE OF REMOVAL from Los Angeles County Superior Court, case number 19PSCV00423 Receipt No: 0973-24700072 - Fee: $400, filed by Defendant Costco Wholesale Corporation, a Washington Corporation. (Attachments: # 1 Declaration of M. McConnell in Support of Notice of Removal, # 2 State Court Original Complaint, # 3 State Court Original Summons, # 4 State Court Civil Case Cover Sheet, # 5 State Court Notice of Case Assignment, # 6 State Court Notice of Case Management Conference, # 7 State Court Amended Summons, # 8 State Court First Amended Complaint) (Attorney Matthew Scott McConnell added to party Costco Wholesale Corporation, a Washington Corporation(pty:dft))(McConnell, Matthew) (Entered: 10/30/2019) |
| 10/30/2019 | 2 | NOTICE of Interested Parties filed by Defendant Costco Wholesale Corporation, a Washington Corporation, identifying Kris De Nava, Costco Wholesale Corporation, and Teamsters Union Local 166. (McConnell, Matthew) (Entered: 10/30/2019) |
| 10/30/2019 | 3 | CIVIL COVER SHEET filed by Defendant Costco Wholesale Corporation, a Washington Corporation. (McConnell, Matthew) (Entered: 10/30/2019) |
| 10/30/2019 | 4 | NOTICE RE INTRA-DISTRICT TRANSFER by Clerk of Court due to incorrect intra-district venue selected by the filer. Case is transferred to the Western Division. Case has been assigned to Judge Percy Anderson for all further proceedings. Any matters that may be referred to a Magistrate Judge are assigned to Jacqueline Chooljian. New Case Number 2:19-cv-09347-PA (JCx). (et) (Entered: 10/30/2019) |
| 10/30/2019 | | CONFORMED E-FILED COPY OF COMPLAINT against Defendants Costco Wholesale Corporation, Does 1-50. Jury Demanded., filed by Plaintiff Kris De Nava. [FILED IN STATE COURT ON 5/6/2019 SUBMITTED ATTACHED TO NOTICE OF REMOVAL AS ATTACHMENT NO.2 1 . (et) (Entered: 10/30/2019) |
| 10/30/2019 | | CONFORMED E-FILED FIRST AMENDED COMPLAINT against Defendants Costco Wholesale Corporation, Does 1-50, inclusive, Teamsters Union Local 166 amending Complaint - (Discovery), filed by Plaintiff Kris De Nava. [FILED IN STATE COURT ON 9/26/2019 SUBMITTED ATTACHED TO NOTICE OF REMOVAL AS ATTACHMENT NO. 8 1 . (et) (Entered: 10/30/2019) |
| 10/30/2019 | | NON-CONFORMED COPY OF AMENDMENT TO COMPLAINT. The Plaintiff, having designated a defendant in the complaint by the incorrect name of COSTCO WHOLESALE MEMBERSHIP, INC. and having discovered the true name of the defendant to be COSTCO WHOLESALE CORPORATION, filed by Plaintiff Kris De Nava. [SUBMITTED ATTACHED TO Declaration of M. McConnell AS ATTACHMENT NO. 1 TO NOTICE OF REMOVAL 1 . (et) (Entered: 10/30/2019) |
| 10/30/2019 | 5 | NOTICE OF ASSIGNMENT to District Judge Percy Anderson and Magistrate Judge Jacqueline Chooljian. (et) (Entered: 10/30/2019) |
| 10/30/2019 | 6 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (et) (Entered: |

| | | |
|---|---|---|
| | | 10/30/2019) |
| 10/31/2019 | 7 | JOINDER filed by Defendant Teamsters Union Local 166 joining in Notice of Removal (Attorney Civil Case Opening),, 1 . (Zakson, Laurence) (Entered: 10/31/2019) |
| 10/31/2019 | 8 | DECLARATION of of Dan Hernandez re Joinder (non-motion) 7 *in Support of Notice of Consent to and Joinder in Removal* filed by Defendant Teamsters Union Local 166. (Zakson, Laurence) (Entered: 10/31/2019) |
| 10/31/2019 | 9 | *Notice and* CERTIFICATE of Interested Parties filed by Defendant Teamsters Union Local 166, identifying Teamsters, Chauffeurs, Warehousemen, Industrial and Allied Workers of America, Local 166. (Attorney Laurence S Zakson added to party Teamsters Union Local 166(pty:dft))(Zakson, Laurence) (Entered: 10/31/2019) |
| 10/31/2019 | 10 | NOTICE of Pendency of Other Actions or Proceedings filed by Defendant Teamsters Union Local 166. (Zakson, Laurence) (Entered: 10/31/2019) |
| 10/31/2019 | 11 | PROOF OF SERVICE filed by Defendant Costco Wholesale Corporation, re Certificate/Notice of Interested Parties 2 , Notice of Removal (Attorney Civil Case Opening),, 1 , Civil Cover Sheet (CV-71) 3 served on October 31, 2019. (McConnell, Matthew) (Entered: 10/31/2019) |
| 10/31/2019 | 12 | NOTICE TO ADVERSE PARTIES OF FILING OF CONSENT TO AND JOINDER IN NOTICE OF REMOVAL OF DEFENDANT COSTCO WHOLESALE CORPORATION; AND NOTICE OF REMOVAL OF DEFENDANT LOCAL 166 filed by Defendant Teamsters Union Local 166. (Zakson, Laurence) (Entered: 10/31/2019) |
| 10/31/2019 | 13 | DECLARATION of of Laurence S. Zakson of Filing Notice of Removal in State Court re Joinder (non-motion) 7 filed by Defendant Teamsters Union Local 166. (Zakson, Laurence) (Entered: 10/31/2019) |
| 10/31/2019 | 14 | MINUTE ORDER IN CHAMBERS - COURT ORDER by Judge Percy Anderson remanding case to Los Angeles County Superior Court, Case number 19PSCV00423. Case Terminated. Made JS-6. (See document for details) (mrgo) (Entered: 10/31/2019) |
| 10/31/2019 | 15 | TRANSMITTAL of documents to Los Angeles County Superior Court. A certified copy of the order of remand and a copy of the docket sheet from this court was sent to Los Angeles County Superior Court. (mrgo) (Entered: 10/31/2019) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/07/2019 16:51:11 | | | |
| **PACER Login:** | 4ra00792:2618912:0 | **Client Code:** | T0166.L723 |
| **Description:** | Docket Report | **Search Criteria:** | 2:19-cv-09347-PA-JC End date: 11/7/2019 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-09347 PA (JCx) | Date | October 31, 2019 |
| Title | Kris De Nava v. Costco Wholesale Membership, Inc. | | |

| | | |
|---|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Notice of Removal filed by defendant Costco Wholesale Corporation ("Defendant"). (Docket No. 1.) Defendant asserts that the Court has federal question jurisdiction over this action, which is brought by plaintiff Kris De Nava ("Plaintiff"). See 28 U.S.C. § 1331. Plaintiff originally commenced this action in the Superior Court of California for the County of Los Angeles on May 9, 2019 against Costco Wholesale Management. (Docket No. 1, Decl. of Matthew S. McConnell, Ex. A.) Plaintiff served Defendant with a copy of the First Amended Complaint and Amended Summons, naming the correct Defendant, on October 1, 2019. (Id. at ¶ 4.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, the plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Defendant contends that the Court has federal question jurisdiction because this action arises under section 301 of the Labor Management Relations Act ("LMRA"). (Docket No. 1.) Section 301 of

the LMRA states that "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). The Supreme Court has interpreted section 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985). This preemption of state claims "extend[s] beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by references to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Id. at 210-11. However, the scope of section 301 preemption is not absolute:

> [N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law. . . . Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

Id. at 211-12. "In order to help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000) (citing Livadas v. Bradshaw, 512 U.S. 107, 123-26 (1994)). In particular, "when the meaning of contract terms is not subject to dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas, 512 U.S. at 124 (citing Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 n.12 (1988)).

"[E]ven if dispute resolution pursuant to a collective-bargaining agreement, on one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 preemption purposes." Lingle, 486 U.S. at 409-10. Accordingly, preemption under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-09347 PA (JCx) | Date | October 31, 2019 |
|---|---|---|---|
| Title | Kris De Nava v. Costco Wholesale Membership, Inc. | | |

section 301 requires a two-step analysis. Alaska Airlines Inc. v. Schurke, 898 F.3d 904, 920-22 (9th Cir. 2018) (en banc); Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059-60 (9th Cir. 2007).

First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a collective-bargaining agreement." Burnside, 491 F.3d at 1059. "If a claim arises entirely from a right or duty of the [collective-bargaining agreement ('CBA')]—for example, a claim for violation of the labor agreement, whether sounding in contract or in tort—it is, in effect, a CBA dispute in state law garb, and is preempted. In such cases, the CBA is the 'only source' of the right the plaintiff seeks to vindicate." Alaska Airlines, 898 F.3d at 921 (footnote, citations, and internal quotation marks omitted). "[C]laims are not simply CBA disputes by another name, and so are not preempted under this first step, if they just refer to a CBA-defined right; rely in part on a CBA's terms of employment; run parallel to a CBA violation; or invite use of the CBA as a defense." Id. (citations omitted).

Second, if the right asserted by the plaintiff is conferred by state law, the Court must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective bargaining agreement." Burnside, 491 F.3d at 1059 (quoting Caterpillar, 482 U.S. at 394). If the claim requires the court to "interpret," rather than merely "look to," the CBA, then the claim is substantially dependent thereon and is preempted by section 301. Id. at 1060. "The plaintiff's claim is the touchstone for this analysis; the need to interpret the collective-bargaining agreement must inhere in the nature of the plaintiff's claim." Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007) (alteration omitted) (quoting Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001) (en banc)). "[It is not] enough that resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language—for example, to discern that none of its terms is reasonably in dispute; to identify bargained-for wage rates in computing a penalty; or to determine whether the CBA contains a clear and unmistakable waiver of state law rights." Alaska Airlines, 898 F.3d at 921-22 (alterations, citations, and internal quotation marks omitted).

The primary focus of Plaintiff's Complaint is that Defendant fired Plaintiff based on Defendant's miscalculation of the number of Plaintiff's absences, and failed to treat all employees equally. (Docket No. 1-8.) Plaintiffs assert the following claims: (1) breach of contract, (2) breach of implied-in-fact employment contract, (3) breach of the implied covenant of good faith and fair dealing, (4) breach of duty of fair representation, and (5) intentional misrepresentation. (Id. at ¶¶ 27-81.) Defendant states in a conclusory fashion that Plaintiff's state law claims will "require the interpretation of the CBA," but Defendant does not state what, if any, provisions of the CBA the Court will be required to interpret. (Docket No. 1 at 3.) Defendant has failed to persuade the Court that anything more than "look[ing] at" the CBA would be required to resolve whether Plaintiff was wrongfully terminated. Although reference to the terms of an agreement may be necessary, legal interpretation of those terms is unlikely to be even a marginal aspect of this case. Cf. Ramirez v. Fox Television Station, 998 F.2d 743, 749 (9th Cir. 1993) ("[R]eference to or consideration of the terms of a collective-bargaining agreement is not the equivalent of interpreting the meaning of the terms."); see also Burnside, 491 F.3d at 74 ("The basic legal issue presented by this case, therefore, can be decided without interpreting the CBA. Depending on how that

Case 2:19-cv-09347-PA-JC Document 14 Filed 10/31/19 Page 4 of 4 Page ID #:162

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-09347 PA (JCx) | Date | October 31, 2019 |
| Title | Kris De Nava v. Costco Wholesale Membership, Inc. | | |

issue is resolved, damages may have to be calculated, and in the course of that calculation, reference to – but not interpretation of – the CBAs, to determine the appropriate wage rate, would likely be required.") (emphasis in original).

For the foregoing reasons, the Court concludes that Defendant has not met the burden of showing this Court has subject matter jurisdiction over Plaintiff's claims. This action is therefore remanded to the Superior Court of California in Los Angeles, Case No. 19PSCV00423, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

**United States District Court**
**Central District of California**
**Office of the Clerk**

**Kiry K. Gray**
District Court Executive / Clerk of Court
350 West 1st Street, Suite 4311
Los Angeles, CA 90012

**Cristina M. Squieri Bullock**
Chief Deputy of Administration
350 West 1st Street, Suite 4311
Los Angeles, CA 90012

**Sara Tse Soo Hoo**
Chief Deputy of Operations
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012

October 31, 2019

Los Angeles County Superior Court
400 Civic Center Plaza
Pomona, CA 91766

Re: Case Number: 2:19−cv−09347−PA−JC
Previously Superior Court Case No. 19PSCV00423
Case Name: Kris De Nava v. Costco Wholesale Corporation et al

Dear Sir/Madam:

Pursuant to this Court's ORDER OF REMAND issued on 10/31/2019, the above−referenced case is hereby remanded to your jurisdiction.

Attached is a certified copy of the ORDER OF REMAND and a copy of the docket sheet from this Court.

Please acknowledge receipt of the above by signing the enclosed copy of this letter and returning it to the location shown below. Thank you for your cooperation.

United States Courthouse
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012

Respectfully,

Clerk, U.S. District Court

By: *_/s/ Margo Mead_*
Deputy Clerk
margo_mead@cacd.uscourts.gov

*Encls.*
*cc: Counsel of record*

---

Receipt is acknowledged of the documents described above.

Clerk, Superior Court

______________________
Date

By: ______________________
Deputy Clerk

**William Y. Sheh**

**From:** cacd_ecfmail@cacd.uscourts.gov
**Sent:** Thursday, October 31, 2019 4:08 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 2:19-cv-09347-PA-JC Kris De Nava v. Costco Wholesale Corporation et al Minutes of In Chambers Order/Directive - no proceeding held

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered on 10/31/2019 at 4:07 PM PDT and filed on 10/31/2019
**Case Name:** Kris De Nava v. Costco Wholesale Corporation et al
**Case Number:** 2:19-cv-09347-PA-JC
**Filer:**
**WARNING: CASE CLOSED on 10/31/2019**
**Document Number:** 14

**Docket Text:**
**MINUTE ORDER IN CHAMBERS - COURT ORDER by Judge Percy Anderson remanding case to Los Angeles County Superior Court, Case number 19PSCV00423. Case Terminated. Made JS-6. (See document for details) (mrgo)**

**2:19-cv-09347-PA-JC Notice has been electronically mailed to:**

Glenn E Stern glennstern@sternatlaw.com

Matthew Scott McConnell ssyed@sheppardmullin.com, mmcconnell@sheppardmullin.com, jkeeping@sheppardmullin.com

Tara Wilcox danderson@sheppardmullin.com, twilcox@sheppardmullin.com

Laurence S Zakson laurencez@rac-law.com

**2:19-cv-09347-PA-JC Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

Case 2:19-cv-09347-PA-JC Document 1-4 Filed 10/31/19 Page 1 of 5 Page ID #:96

LAURENCE S. ZAKSON (CSB 119435),
E-mail: laurencez@rac-law.com
WILLIAM Y. SHEH (CSB 221275), and
E-mail: williams@rac-law.com
ILISSA B. GOLD (CSB 280160), Members of
E-mail: ilissag@rac-law.com
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Blvd, Suite 2000
Los Angeles, California 90010
Telephone: (213) 386-3860
Facsimile: (213) 386-5583

Attorneys for Defendant Teamsters, Chauffeurs, Warehousemen,
Industrial and Allied Workers of America, Local 166

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIS DE NAVA,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; TEAMSTERS UNION LOCAL 166, a California unincorporated association; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 2:19−cv−09347−PA (JCx)<br><br>**CONSENT TO AND JOINDER IN NOTICE OF REMOVAL OF DEFENDANT COSTCO WHOLESALE CORPORATION; AND NOTICE OF REMOVAL OF DEFENDANT LOCAL 166**<br><br>[28 U.S.C. §§ 1331, 1441, 1446(b)(2)(A)]<br><br>Los Angeles Superior Court Case No. 19PSCV00423<br><br>First Amended Complaint Filed: September 26, 2019 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant TEAMSTERS, CHAUFFUERS, WAREHOUSEMEN, INDUSTRIAL AND ALLIED WORKERS OF AMERICA, LOCAL 166 (“Local 166”), incorrectly named in this action as TEAMSTERS UNION LOCAL 166,

pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, **hereby consents to and joins in** Defendant COSTCO WHOLESALE CORPORATION'S ("COSTCO") Notice of Removal from the Superior Court for the County of Los Angeles, Case No. 19PSCV00423, to the United States District Court for the Central District of California. In support of the foregoing, Defendant Local 166 states as follows:

1. The First Amended Complaint ("FAC"), in the action pending in the Superior Court of the State of California, County of Los Angeles, Case No. 19PSCV00423, was filed on September 26, 2019.

2. A copy of the FAC, Summons, and other papers were left with Local 166's receptionist on about October 1, 2019, and were not served on any officers of Local 166. [Declaration of Dan Hernandez ("Hernandez Decl.") at ¶ 3.] True and correct copies of these papers are attached as Exhibit A to the Hernandez Declaration. Prior to October 1, 2019, Local 166 had not received any papers relating to the pending lawsuit filed by Plaintiff Kris De Nava in the Superior Court. [*Id*.]

3. Subsequently, via U.S. mail with postage dated October 15, 2019, Local 166 received a packet of the same documents attached to Exhibit A of the Hernandez Declaration. [Hernandez Decl. at ¶ 4.]

4. By filing this Consent to and Joinder in Notice of Removal, Local 166 does not waive or intend to waive its ability to file any motion(s) to dismiss or otherwise object to the FAC under other sections of the Federal Rules of Civil Procedure. Local 166 expressly preserves such rights should a subsequent motion to dismiss or objection be appropriate.

5. Local 166 hereby joins in, consents to, adopts, and incorporates as its own the arguments and authorities set forth in Defendant COSTCO'S Notice of Removal. In addition to those reasons, as addressed below, removal to this Court is proper as Plaintiff's asserted state law causes of action against Local 166 are wholly preempted by federal law and are properly characterized as claims over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331.

Case 2:19-cv-09347-PA-JC Document 1-4 Filed 10/31/19 Page 3 of 5 Page ID #:98

6. Local 166 is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, as amended ("NLRA"), 29 U.S.C. § 152(5), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. At the time that Plaintiff's claims arose, Plaintiff was a member of the COSTCO bargaining unit represented by Local 166. [FAC at ¶ 14.] Local 166 is party to a Collective Bargaining Agreement ("CBA") with COSTCO, which sets forth procedures for the settlement of disputes. [FAC at ¶¶ 10, 15.]

7. Plaintiff's first two Causes of Action in the FAC, which are for breach of employment contract and breach of implied-in-fact employment contract, [FAC at ¶¶ 27-50], cannot be properly resolved without interpreting the terms of the CBA, as the claims all arise from the CBA. It is well established that Section 301 of the LMRA, 29 U.S.C. § 185(a), preempts state law claims that are so "inextricably intertwined" with the terms of a collective bargaining agreement that their resolution will require judicial interpretation of the terms of that agreement. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 218-19 (1985). Accordingly, Plaintiff's asserted state law causes of action concerning the interpretation of the CBA must be recharacterized under the artful pleading doctrine as arising under federal law, *see, e.g.*, *Madison v. Motion Picture Set Painters & Sign Writers Local 729*, 132 F.Supp.2d 1244, 1250 (C.D. Cal. 2000), and are therefore completely preempted by federal law and are properly characterized as claims over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331. Therefore, these claims are removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

8. Plaintiff's third Cause of Action, [FAC at ¶¶ 51-58], for breach of the implied covenant of good faith and fair dealing is similarly preempted as "inextricably intertwined with consideration of the terms of the labor contract. (Citation omitted.) The claim for the breach of the covenant of good faith and fair dealing does indeed require interpretation of the parties' Memorandum of Understanding" and is, therefore, wholly preempted by Section 301 of the LMRA.

Case 2:19-cv-09347-PA-JC Document 1-4 Filed 10/31/19 Page 4 of 5 Page ID #:99

*Dayton v. Modesto Irrigation Dist.*, 2007 U.S.Dist.LEXIS 85791 at *26 (E.D. Cal. 2007).

9. As to Plaintiff's fourth Cause of Action for Breach of Duty of Fair Representation, [FAC at ¶¶ 59-67], the duty of fair representation is a federal cause of action based upon, and derived from, Section 9(a) of the NLRA, 29 U.S.C. § 159. *Retana v. Apartment, Motel, Hotel and Elevator Operators Union, Local* 14, 453 F.2d 1018, 1021-22 (9th Cir. 1972). Here, the acts upon which Plaintiff bases this claim relate to Local 166's handling or "control[]" of Plaintiff's grievance against COSTCO, [FAC at ¶¶ 10, 26, 61], and the handling and processing of grievances by a union is widely recognized as falling squarely within a union's duty of fair representation. *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986). Thus, it is well established that the duty of fair representation is derived from federal labor law, and is properly within the jurisdiction of federal Courts. *See Vaca v. Sipes*, 386 U.S. 171, 177 (1967).

10. Similar to Plaintiff's other claims, Plaintiff's fifth Cause of Action for Intentional Misrepresentation, [FAC at ¶¶68-81], relies upon asserted misrepresentations made by the defendants concerning the CBA between COSTCO and Local 166, and necessarily requires the interpretation of the CBA. Specifically, the FAC and fifth Cause of Action alleges the CBA between Local 166 and COSTCO, [FAC at ¶ 69], that the CBA only provides for discharge of an employee for good cause, [FAC at ¶ 70], and that the CBA provides various asserted protections or other rights to Plaintiff, [FAC at ¶¶ 71-72]. Thus, the evaluation of Plaintiff's claim is "inextricably intertwined" with consideration of the terms of the CBA, and is preempted. *Allis-Chalmers Corp.*, *supra*, 471 U.S. at 213, 218-19.

11. Finally, even assuming, *arguendo*, if some portion of Plaintiff's asserted state law claims were not preempted, supplemental jurisdiction exists as to these claims, in that all of Plaintiff's claims arise from the same course of conduct and involve interpretation of the CBA between Local 166 and COSTCO, therefore, any

Case 2:19-cv-09347-PA-JC Document 7 Filed 10/31/19 Page 5 of 5 Page ID #:100

surviving state law claims are "so related to [the federal] claims that they form part of the same case or controversy." 28 U.S.C. § 1367.

12. Local 166 has filed this Consent to and Joinder in Notice of Removal within thirty (30) days of the date of service of the FAC.

13. Removal to this district court is proper under 28 U.S.C. § 1441(a) because the Los Angeles County Superior Court is geographically located within this court's district.

14. Upon the filing of this Notice, Local 166 will promptly give notice of this removal to all parties and will file a copy of the Notice with the Clerk of the Superior Court of the County of Los Angeles, as required by 28 U.S.C. § 1446(d).

WHEREFORE Defendant Local 166 consents to and joins in Defendant COSTCO's Notice of Removal and requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

DATED: October 31, 2019

REICH, ADELL & CVITAN
A Professional Law Corporation

By: /s/ Laurence S. Zakson
Attorneys for Defendant Local 166

**From:** cacd_ecfmail@cacd.uscourts.gov [mailto:cacd_ecfmail@cacd.uscourts.gov]
**Sent:** Thursday, October 31, 2019 11:35 AM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 2:19-cv-09347-PA-JC Kris De Nava v. Costco Wholesale Corporation et al Joinder (non-motion)

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered by Zakson, Laurence on 10/31/2019 at 10:27:16 AM PDT and filed on 10/31/2019

**Case Name:** Kris De Nava v. Costco Wholesale Corporation et al
**Case Number:** 2:19-cv-09347-PA-JC
**Filer:** Teamsters Union Local 166
**Document Number:** 7

**Docket Text:**
**JOINDER filed by Defendant Teamsters Union Local 166 joining in Notice of Removal (Attorney Civil Case Opening),, [1]. (Zakson, Laurence)**

**2:19-cv-09347-PA-JC Notice has been electronically mailed to:**

Laurence S Zakson laurencez@rac-law.com

**2:19-cv-09347-PA-JC Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

Glenn E Stern
Glenn E Stern Law Offices
333 West Foothill Boulevard
Glendora, CA 91741

Matthew Scott McConnell
Sheppard Mullin Richter and Hampton LLP
12275 El Camino Real Suite 200
San Diego, CA 92130-2006

Tara Wilcox
Sheppard Mullin Richter and Hampton LLP
12275 El Camino Real Suite 200
San Diego, CA 92130-2006

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Consent_to_and_Joinder_in_Notice_of_Removal.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=10/31/2019] [FileNumber=28689121-0] [7a75e11df614d84d9bb79c8e176c07d18fd50d50f5a26b2f4e9f5e0a5b5150cd31 d7e70319ae1cc8444218949e3daa3f3ba69b16fb1f6a05c987587bd45eaf2a]]

*This is a re-generated NEF. Created on 10/31/2019 at 11:34 AM PDT*

Case 2:19-cv-09347-PA-JC Document 8 Filed 10/31/19 Page 1 of 28 Page ID #:101

LAURENCE S. ZAKSON (CSB 119435),
E-mail: laurencez@rac-law.com
WILLIAM Y. SHEH (CSB 221275), and
E-mail: williams@rac-law.com
ILISSA B. GOLD (CSB 280160), Members of
E-mail: ilissag@rac-law.com
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Blvd, Suite 2000
Los Angeles, California 90010
Telephone: (213) 386-3860
Facsimile: (213) 386-5583

Attorneys for Defendant Teamsters, Chauffeurs, Warehousemen, Industrial and Allied Workers of America, Local 166

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KRIS DE NAVA,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a Washington corporation; TEAMSTERS UNION LOCAL 166, a California unincorporated association; and DOES 1-50, inclusive,

Defendants.

CASE NO. 2:19−cv−09347−PA (JCx)

**DECLARATION OF DAN HERNANDEZ IN SUPPORT OF NOTICE OF CONSENT TO AND JOINDER IN REMOVAL**

[28 U.S.C. §§ 1331, 1441, 1446(b)(2)(A)]

Los Angeles Superior Court Case No. 19PSCV00423

First Amended Complaint Filed: September 26, 2019

I, DAN HERNANDEZ, declare as follows:

1. I am employed by defendant TEAMSTERS, CHAUFFUERS, WAREHOUSEMEN, INDUSTRIAL AND ALLIED WORKERS OF AMERICA, LOCAL 166 ("Local 166"), incorrectly named in this action as TEAMSTERS UNION LOCAL 166. I am employed as a Business Representative by Local 166 and my job duties and responsibilities include administering collective bargaining agreements between Local 166 and various employers. One of these agreements is the collective bargaining agreement between Local 166 and defendant COSTCO WHOLESALE CORPORATION, which agreement is referenced throughout the First Amended Complaint. All of the facts in this declaration are based on my own personal knowledge and observation unless otherwise expressly stated, and I could testify to them if called to do so.

2. I am personally familiar with Plaintiff Kris De Nava, who was a member of the COSTCO bargaining unit represented by Local 166 during her employment with COSTCO. Ms. De Nava was terminated from her employment by COSTCO in 2017 and I assisted and processed a grievance involving Ms. De Nava's termination from employment by COSTCO, which grievance is referenced throughout the First Amended Complaint and included as an exhibit to the First Amended Complaint.

3. On about October 1, 2019, copies of the First Amended Complaint, Summons, and other papers were left by an unidentified individual with the receptionist of Local 166's office located in Bloomington, California, which is where my office is located. No Local 166 officers were present or served with the papers. True and correct copies of these papers are attached as Exhibit A to this declaration. Prior to October 1, 2019, Local 166 had not received any prior papers relating to the lawsuit filed by Plaintiff Kris De Nava.

4. Subsequently, via U.S. mail with postage dated October 15, 2019, Local 166 received a packet of the same documents—i.e., the First Amended Complaint, Summons, and other papers—attached hereto as Exhibit A at Local 166's

Case 2:19-cv-09347-PA-JC Document 8 Filed 10/31/19 Page 3 of 28 Page ID #:105

Bloomington, California office.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 25 day of October, 2019, in Bloomington, California.

10-25-19

Dan Hernandez



371930.1

DECLARATION OF DAN HERNANDEZ

# EXHIBIT A

**GLENN STERN LAW**
Glenn E. Stern SBN 84485
333 West Foothill Boulevard
Glendora, CA 91741
Telephone: (626) 335-6844
Facsimile: (213) 232-7111

Attorneys for Plaintiff KRIS DE NAVA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – POMONA COURTHOUSE SOUTH

| | |
|---|---|
| KRIS DE NAVA, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; TEAMSTERS UNION LOCAL 166, a California unincorporated association; and DOES 1-50, inclusive,<br><br>Defendants. | **Case No.: 19PSCV00423**<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1. BREACH OF CONTRACT<br>2. BREACH OF IMPLIED-IN FACT CONTRACT<br>3. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING<br>4. BREACH OF DUTY OF FAIR REPRESENTATION<br>5. INTENTIONAL MISREPRESENTATION<br><br>Judge: Hon. Gloria White-Brown<br>Dept: J<br><br>*Plaintiff Demands Jury Trial*<br>Complaint Filed: May 6, 2019 |

## PARTIES

1. Plaintiff, KRIS DE NAVA ("Plaintiff" or "Ms. De Nava") at all times relevant herein has resided in the City of Montclair, County of San Bernardino, State of California.
2. Defendant COSTCO WHOLESALE CORPORATION ("Defendant" or "COSTCO" or collectively with other Defendants, "Defendants") at all times relevant herein, has been and is a Washington corporation, licensed to do business and doing business in the State

Case 2:19-cv-09347-PA-JC Document 8 Filed 10/31/19 Page 6 of 28 Page ID #:106

of California, County of Los Angeles, with its principal place of business at 4649 Morena Boulevard, San Diego, California.

3. Defendant TEAMSTERS UNION LOCAL 166 ("Defendant" or "CALIFORNIA TEAMSTERS" or collectively with other Defendants, "Defendants") at all times relevant herein, is and was a California unincorporated association, or labor organization, representing COSTCO employees, doing business in the State of California, County of Los Angeles, with its principal place of business in Bloomington, California, County of San Bernardino, State of California.

4. Plaintiff is ignorant of the true names and capacities, whether corporate, individual, partnership, association or otherwise, of Defendants sued herein as fictitious DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

5. Whenever in this complaint reference is made to "Defendants, and each of them," such allegation shall be deemed to mean the acts of all Defendants acting individually, jointly, and/or severally, including DOES 1 through 50, inclusive.

6. Plaintiff is informed and believes, and thereon alleges that, each of the fictitiously named Defendants, has contributed in some manner to Plaintiff's damages as hereinafter alleged, and that Plaintiff's rights against such fictitiously named Defendants arise from such contribution. Plaintiff will amend this First Amended Complaint to state the true names and capacities of DOE defendants when such identities have been ascertained.

7. Plaintiff is informed and believes and based upon such information and belief alleges that at all times mentioned, each of the Defendants was the agent, principal, employee, servant, employer, alter ego, joint venture, partner, affiliated entity, and/or co-conspirator of each of the Co-Defendants and, in doing the things herein mentioned, was acting individually and/or within the scope of such authority as agents, employees, affiliation as

Case 2:19-cv-09347-PA-JC Document 8 Filed 10/31/19 Page 7 of 28 Page ID #:107

related entities, and with the permission and consent of the Co-Defendants, including DOES 1 through 50, inclusive.

**JURISDICTION AND VENUE**

8. Venue is proper in this jurisdictional district as Defendant COSTCO is licensed to do business and does business in the City of Azusa, County of Los Angeles, Defendant CALIFORNIA TEAMSTERS does business in the City of Azusa, County of Los Angeles, is a contract was entered into and performed in the City of Azusa, County of Los Angeles, and the wrongs hereinafter complained of took place in the City of Azusa, County of Los Angeles 91702.

9. Jurisdiction is proper as the Plaintiff resides in the State of California, County of Los Angeles, Defendants conduct business in the State of California, County of Los Angeles, the amount in controversy herein exceeds the jurisdictional limit of this Court, and there is no federal question at issue as the claims arise solely from California law.

**COMPLIANCE WITH ADMINISTRATIVE REMEDIES**

10. Plaintiff complied with the grievance procedure pursuant to her employment with COSTCO and membership in the CALIFORNIA TEAMSTERS by filing a Grievance Form, which was denied on or about October 16, 2017. (Exhibit "A.")

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11. COSTCO is a multinational publicly traded corporation, with a total of approximately 775 wholesale warehouses in the United States and Puerto Rico, Canada, Mexico, United Kingdom, Japan, South Korea, Taiwan, Australia, Spain, Iceland, France, and China. COSTCO has approximately 150 stores located throughout California.

12. On its internet website, COSTCO represents that its "Code of Ethics" includes to "take care of our employees" and "obey the law."

///

///

///

13. At all relevant times herein, Ms. De Nava was an employee of COSTCO and had been for over 25 years. She worked as a Cashier for COSTCO at Store Number 412 located at 1220 West Foothill Boulevard, Azusa, California 91702.

14. At all relevant times herein, Ms. De Nava was a Member of the CALIFORNIA TEAMSTERS through her employment with COSTCO.

15. Through the CALIFORNIA TEAMSTERS Agreement between California Teamsters and Costco Wholesale in effect during the time period of February 2013 through January 2017 ("Member Agreement"), as well as Letters of Understanding, a contract was formed between the CALIFORNIA TEAMSTERS, COSTCO and Ms. De Nava, whereby she could be terminated from her employment only for good cause.

16. Through Defendant COSTCO's policies and procedures, employee handbooks, and employment agreements, an implied-in-fact contractual relationship was also established between Plaintiff and Defendants whereby she could be terminated from her employment only for good cause.

17. Ms. De Nava had an agreement with Defendants wherein she would have excused absences a total of two (2) days each calendar month caused by any documented health condition.

18. Defendants' employee handbooks, policies and procedures, the Member Agreement and/or employment agreements state termination due to attendance is possible if an employee has eleven (11) absences within a twelve-month (12) period.

19. Defendants' policy and procedure was to count employee absences as one occurrence if an employee is out for two or more consecutive days.

20. On or about June 21, 2017, while Ms. De Nava was working as Cashier at COSTCO, she felt very ill and fainted. An ambulance was called and Ms. De Nava was transported to the emergency room for treatment.

21. On or about June 21, 2017, Ms. De Nava received a physician's written authorization excusing her from work due to illness during the time periods of June 21, 2017 through June 25, 2017 and June 27, 2017 through June 28, 2017.

22. On or about June 29, 2017, Defendants issued a "Union Employee Counseling Notice" to Ms. De Nava regarding absenteeism, stating that she had been absent twelve (12) times within one year, and suspended Ms. De Nava for three (3) days.

23. As of June 2017, Ms. De Nava actually had only ten (10) absences which, per Defendants' policies and procedures, employment agreements, Member Agreement and/or employee handbooks, should have warranted only a written corrective consultation and not termination.

24. On or around July 6, 2017, Defendants terminated Ms. De Nava without just or good cause due to their intentionally miscalculating Ms. De Nava's absences within the relevant twelve-month (12) period by intentionally and in bad faith adding absences to pretextually create a basis for her termination.

25. Defendants had not terminated other employees with twelve (12) absences in a one-year period.

26. Plaintiff complied with the grievance procedure pursuant to her employment with COSTCO and membership in the CALIFORNIA TEAMSTERS by filing a Grievance Form, which was denied on or about October 16, 2017.

## **FIRST CAUSE OF ACTION**

## **BREACH OF EMPLOYMENT CONTRACT**

***(Plaintiff Against Defendants COSTCO, CALIFORNIA TEAMSTERS, and DOES 1-50)***

27. Plaintiff incorporates by reference all prior paragraphs in this Complaint as if fully set forth at this point.

28. Ms. De Nava and Defendants entered into a written employment contract by virtue of the Member Agreement between CALIFORNIA TEAMSTERS and COSTCO WHOLESALE, specifically the Agreement in effect during the time period of February 2013 through January 2017, as well as Defendants' written employee handbooks and policies and procedures, all in effect during Ms. De Nava's twenty-five (25) years of employment.

29. Defendants promised pursuant to the Member Agreement to discharge Ms. De Nava only for good cause.

30. The Member Agreement required that prior to any employment termination, the circumstances were to be reviewed with an Executive Vice President or above.

31. Defendants promised per the Member Agreement that all employees shall be treated equally in respect to corrective consultations and there shall be no preferential treatment.

32. Defendants breached the Member Agreement between CALIFORNIA TEAMSTERS and COSTCO for the benefit of employees and members of the CALIFORNIA , employee handbooks, and/or policies and procedures, including, including but not limited to Article IV of the Member Agreement and/or employee handbooks regarding employee discharge policies.

33. Ms. De Nava performed, or substantially performed, all significant obligations required pursuant to the Member Agreement.

34. Defendants breached the Member Agreement by, including but not limited to, discharging Ms. De Nava without good cause, including intentionally miscalculating her absences, and intentionally adding absences, as alleged herein.

35. Defendants failed and refused to review the circumstances of Ms. De Nava's termination with an Executive Vice President or above.

36. Defendants breached the Mutual Agreement as well by failing to treat all employees equally in respect to corrective consultations and/or practiced preferential treatment.

37. Ms. De Nava was harmed by Defendants' breaches.

38. Defendants' conduct was a substantial factor in causing Ms. De Nava's harm.

39. As a direct and proximate result of Defendants' breaches, Ms. De Nava has suffered special damages, including but not limited to, loss of income, loss of earning capacity, loss of employment benefits, bonuses, past and future, and other pecuniary loss.

///

///

Case 2:19-cv-09347-PA-JC Document 8-1 Filed 10/31/19 Page 11 of 28 Page ID #:111

40. Ms. De Nava has suffered and will continue to suffer physical and emotional injuries due to Defendants' breaches, including nervousness, humiliation, depression, worry, anguish, stress, embarrassment, fright, shock, pain, anxiety and severe emotional distress.

## SECOND CAUSE OF ACTION

## BREACH OF IMPLIED-IN-FACT EMPLOYMENT CONTRACT

***(Plaintiff Against Defendants COSTCO, CALIFORNIA TEAMSTERS, and DOES 1-50)***

41. Plaintiff incorporates by reference all prior paragraphs in this Complaint as if fully set forth at this point.

42. Ms. De Nava and Defendants entered into an employment contract by virtue of the Member Agreement between CALIFORNIA TEAMSTERS and COSTCO, employee handbooks, and policies and procedures.

43. As alleged herein, through the conduct of Defendants, during Ms. De Nava's approximate twenty-five (25) years of employment, an implied-in-fact employment agreement was established with Ms. De Nava, which included an employment agreement where she was led to believe, and did believe, that her work would continue unless it was ended for good cause.

44. Defendants and Ms. De Nava's conduct in establishing an implied-in-fact employment agreement was intentional and each knew, or had reason to know, that the other party would interpret the conduct as an agreement to enter into a contract.

45. Ms. De Nava did all, or substantially all, of the significant things that the implied-in-fact contract required of her.

46. Defendants violated the implied-in-fact contract between them and Ms. De Nava by terminating her employment without good cause, based upon their adding absences to Ms. De Nava's employment record to intentionally miscalculate the absences in order to create a basis for terminating her employment.

47. Ms. De Nava was harmed by Defendants' breaches.

48. Defendants' conduct was a substantial factor in causing Ms. De Nava's harm.

Case 2:19-cv-09347-PA-JC Document 8-1 Filed 10/31/19 Page 12 of 28 Page ID #:112

49. As a direct and proximate result of Defendants' breaches, Ms. De Nava has suffered special damages, including but not limited to, loss of income, loss of earning capacity, loss of employment benefits, bonuses, past and future, and other pecuniary loss.
50. Ms. De Nava has suffered and will continue to suffer physical and emotional injuries due to Defendants' breaches, including nervousness, humiliation, depression, worry, anguish, stress, embarrassment, fright, shock, pain, anxiety and severe emotional distress.

## THIRD CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

***(Plaintiff Against Defendants COSTCO, CALIFORNIA TEAMSTERS and DOES 1-50)***

51. Plaintiff incorporates by reference all prior paragraphs in this Complaint as if fully set forth at this point.
52. As alleged herein, Defendants entered into a Member Agreement with Ms. De Nava, as well as an implied-in-fact employment contract ("Contracts").
53. Ms. De Nava did all, or substantially all of the significant things that the Contracts required her to do and/or she was excused from having to do those things.
54. Defendants unfairly interfered with Ms. De Nava's right to receive the benefits of the Contracts, as alleged herein., by intentionally adding absences onto Ms. De Nava's employment record in order to wrongfully terminate her without just or good cause.
55. Ms. De Nava was harmed by Defendants' breaches.
56. Defendants' conduct was a substantial factor in causing Ms. De Nava's harm.
57. As a direct and proximate result of Defendants' breaches, Ms. De Nava has suffered special damages, including but not limited to, loss of income, loss of earning capacity, loss of employment benefits, bonuses, past and future, and other pecuniary loss.
58. Ms. De Nava has suffered and will continue to suffer physical and emotional injuries due to Defendants' breaches, including nervousness, humiliation, depression, worry, anguish, stress, embarrassment, fright, shock, pain, anxiety and severe emotional distress.

Case 2:19-cv-09347-PA-JC Document 8 Filed 10/31/19 Page 13 of 28 Page ID #:113

**FOURTH CAUSE OF ACTION**

**BREACH OF DUTY OF FAIR REPRESENTATION**

***(Plaintiff Against Defendants CALIFORNIA TEAMSTERS, and DOES 1-50)***

59. Plaintiff incorporates by reference all prior paragraphs in this Complaint as if fully set forth at this point.

60. At all times relevant herein, pursuant to, but not limited to, the Member Agreement between CALIFORNIA TEAMSTERS and COSTCO for the benefit of its Members, including Ms. De Nava, CALIFORNIA TEAMSTERS owed Ms. De Nava a duty of fair representation, requiring it to serve the interests of its members, including Ms. De Nava, without hostility or discrimination, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. These duties prohibit bad faith or discriminatory or preferential treatment of Members, including Ms. De Nava.

61. Defendant CALIFORNIA TEAMSTERS controlled the grievance process in which Ms. De Nava was required to participate, and its actions in resolving Ms. De Nava's claims were arbitrary, discriminatory or in bad faith.

62. Through the acts alleged herein, CALIFORNIA TEAMSTERS breached its duty of fair representation owed to Ms. De Nava, including but not limited to, intentionally adding absences to Ms. De Nava's employment record and miscalculating those absences to wrongfully arrive at a pretextual basis for terminating her, engaging in the wrongful conduct alleged against Ms. De Nava regarding her absences in a discriminatory manner as calculating her absences in a manner not applied for any other employee and or Member, failing to ensure that the circumstances of her absences were reviewed by an Executive Vice President or above.

63. The stated justifications for CALIFORNIA TEAMSTERS' erroneous and intentional calculation of Ms. De Nava's absences were pretextual and/or arbitrary, in bad faith, and performed with hostility toward Ms. De Nava, and contrary to its duties to act fairly,

Case 2:19-cv-09347-PA-JC Document 8 Filed 10/31/19 Page 14 of 28 Page ID #:114

honestly, in good faith, and to refrain from acting arbitrarily, discriminatorily, or in bad faith.

64. Ms. De Nava was harmed by Defendants' breaches.

65. Defendants' conduct was a substantial factor in causing Ms. De Nava's harm.

66. As a direct and proximate result of Defendants' breaches, Ms. De Nava has suffered special damages, including but not limited to, loss of income, loss of earning capacity, loss of employment benefits, bonuses, past and future, and other pecuniary loss.

67. Ms. De Nava has suffered and will continue to suffer physical and emotional injuries due to Defendants' breaches, including nervousness, humiliation, depression, worry, anguish, stress, embarrassment, fright, shock, pain, anxiety and severe emotional distress.

## FIFTH CAUSE OF ACTION

## INTENTIONAL MISREPRESENTATION

***(Plaintiff Against Defendants COSTCO, CALIFORNIA TEAMSTERS, and DOES 1-50)***

68. Plaintiff incorporates by reference all prior paragraphs in this Complaint as if fully set forth at this point.

69. Ms. De Nava and Defendants entered into a written employment contract by virtue of the Member Agreement between CALIFORNIA TEAMSTERS and COSTCO WHOLESALE, specifically the Agreement in effect during the time period of February 2013 through January 2017, as well as Defendants' written employee handbooks and policies and procedures, all in effect during Ms. De Nava's twenty-five (25) years of employment.

70. On or about June 29, 2019, and during Ms. De Nava's twenty-five (25) year tenure as an employee, Defendants represented to Ms. De Nava, pursuant to the Member Agreement, Defendants' employee handbooks, and policies and procedures, to discharge Ms. De Nava only for good cause. Based upon information and belief, the persons making this representation to Ms. De Nava in or around June 2019 were Jenn Pell and/or Joanne Dowd and/or Richard Arriola on behalf of COSTCO and Dan Hernandez on behalf of the CALIFORNIA TEAMSTERS.

Case 2:19-cv-09347-PA-JC Document 8 Filed 10/31/19 Page 15 of 28 Page ID #:115

71. On or about June 29, 2019, as well Ms. De Nava's twenty-five (25) year tenure as an employee, Defendants represented to Ms. De Nava in person, pursuant to the Member Agreement, Defendants' employee handbooks, and policies and procedures, to review and circumstances of any potential termination of Ms. De Nava with an Executive Vice Present level person or above. Based upon information and belief, that any circumstances regarding e persons making this representation in person by verbal communication to Ms. De Nava on or about June 29, 2019 were Jenn Pell and/or Joanne Dowd and/or Richard Arriola on behalf of COSTCO and Dan Hernandez on behalf of the CALIFORNIA TEAMSTERS.

72. On or about June 29, 2019, and during Ms. De Nava's twenty-five (25) year tenure as an employee, Defendants represented to Ms. De Nava in person, pursuant to the Member Agreement, Defendants' employee handbooks, and policies and procedures, that all employees, including Ms. De Nava, would be treated equally with respect to any employee counseling notices without any preferential and/or discriminatory treatment. Based upon information and belief, the persons making this representation in person by verbal communication to Ms. De Nava on or about June 29, 2019 were Jenn Pell and/or Joanne Dowd and/or Richard Arriola on behalf of COSTCO and Dan Hernandez on behalf of the CALIFORNIA TEAMSTERS.

73. The representations were false. Jenn Pell and/or Joanne Dowd and/or Richard Arriola on behalf of COSTCO and Dan Hernandez on behalf of the CALIFORNIA TEAMSTERS ("Defendants' Representatives/Employees") failed and refused to treat Ms. De Nava equally with respect to employee counseling notices and/or without preferential or discriminatory treatment, as no other employees were terminated for having the number of absences Ms. De Nava had, they failed and refused to consult with a senior level person (Executive Vice President or above) regarding her potential termination, and failed and refused to terminate Ms. De Nava only based upon good cause, and instead intentionally

added absences to Ms. De Nava's employment record to pretextually create a reason to terminate her.

74. When Defendants made the alleged representations, through the Defendants' Representatives/Employees, knew the representations to be false or Defendants made the representations recklessly and without regard for their truth.

75. Defendants intended that Ms. De Nava rely on the representations.

76. Ms. De Nava reasonably relied on Defendants' representations.

77. Ms. De Nava was harmed by the representations.

78. Ms. De Nava's reliance on Defendants' representations was a substantial factor in causing her harm.

79. As a direct and proximate result of Defendants' breaches, Ms. De Nava has suffered special damages, including but not limited to, loss of income, loss of earning capacity, loss of employment benefits, bonuses, past and future, and other pecuniary loss.

80. Ms. De Nava has suffered and will continue to suffer physical and emotional injuries due to Defendants' breaches, including nervousness, humiliation, depression, worry, anguish, stress, embarrassment, fright, shock, pain, anxiety and severe emotional distress.

81. Defendants and one or more of their officers, directors, or managing agents, who acted on their behalf, wrongfully and intentionally misrepresented material information to Plaintiff, acting despicably and with oppressive, fraudulent, or malicious intent, and exhibited a deliberate disregard for the rights and safety of Plaintiff. Defendants are personally guilty of malice, oppression, or fraud. The conduct constituting malice, oppression, or fraud as described herein was authorized by one or more officers, directors, or managing agents of defendants and/or one or more officers, directors, or managing agents of Defendants knew of the conduct described herein as constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred. Accordingly, Plaintiff is entitled to punitive damages, pursuant to California Civil Code section 3294, so as to punish Defendants and deter them from similar conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. General damages according to proof at the time of trial;
2. Special damages according to proof at the time of trial;
3. Punitive damages according to proof at the time of trial as to the Fifth Cause of Action for Intentional Misrepresentation only;
4. For prejudgment interest according to proof at the time of trial;
5. For attorney's fees and costs as may be authorized according to proof at trial;
6. Any other relief that is just and proper.

DATE: September 26, 2019

GLENN STERN LAW

By: [signature] Esq. for
Glenn E. Stern
Attorneys for Plaintiff KRIS DE NAVA

EXHIBIT "A"

EXHIBIT "A"

EXHIBIT "A"

# TEAMSTERS UNION LOCAL 166

BLOOMINGTON OFFICE
18597 Valley Blvd. P.O. Box 899 Bloomington, CA 92316-0899
Telephone (909) 877-8326 Fax (909) 877-2812
BARSTOW OFFICE
600 East Main Street Barstow, CA 92311
Telephone (760) 256-0181 Fax (760) 256-2131

## GRIEVANCE FORM

EMPLOYEE NAME: Kris De Nava S.S. NO.:

EMPLOYEE ADDRESS: 11025 San Miguel Way

CITY, STATE & ZIP: Montclair, Ca. 91763

HOME PHONE: WORK PHONE: 626 812-7911

COMPANY: Costco Azusa SUPERVISOR: Joanne D.

DATE OF HIRE: 11/91 CLASSIFICATION: Service Clerk

GRIEVANCE # AZ070717-01 HOURLY RATE: $ 24.07 WORK SHIFT: Days

CLAIMED VIOLATION(S): Violation of Article IV unjust termination
AND ANY OTHER APPLICABLE ARTICLE(S)

DATE OF VIOLATION(S): 7/6/2017

GRIEVANCE: On July 6, 2017 Kris was terminated without just cause.

REMEDY: Return to employment and make whole.

7/7/17
EMPLOYEE'S SIGNATURE & DATE

7-7-17
UNION REP / STEWARD'S SIGNATURE & DATE

DISPOSITION:

STEP # 1

STEP # 2

STEP # 3

STEP # 4

# Board of Adjustment Decision

Date: October 11, 2017

Teamsters Local Union # 166 Location: # 412 Azusa, Calif. Agent: Dan Hernandez

Grievant: Kris De Nava who appeals the below issue to a Board of Adjustment.

Seniority Date: November 11, 1991 Rate of Pay: $24.07

Date of Alleged Violation: July 6, 2017 Relevant Contractual Provisions: Art 4 and all that may apply

Brief Statement of the Facts: Was the employee terminated for just cause, if not, what is the remedy?

Relief Being Sought: Removal of discipline, return to work and make whole in every aspect.

Costco Representative: Richard Arriola Manager Joanne Dowd Whse# 412

The above Grievance is submitted for resolution pursuant to Article VI, Step 2 ( c ), of the Collective Bargaining Agreement. It is understood that a majority decision of the Board of Adjustment in the above dispute will be final, exclusive, and binding upon the parties.

For the Company

For the Union

## Decision

Grievance is denied based on majority decision from the panel

Board of Adjustment Panel members and Arbitrator

Panel Member

Panel Member

Panel Member

Panel Member

Arbitrator

Date of Decision

TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN,
INDUSTRIAL & ALLIED WORKERS OF AMERICA
LOCAL UNION No. 166
P.O. BOX 899 • 18597 VALLEY BOULEVARD • BLOOMINGTON, CA 92316-0899
Telephone: (909) 877-TEAM • Fax: (909) 877-2812

MIKE BERGEN
*Secretary-Treasurer*

MIKE PHARRIS
*President*

JASON HODGE
*Vice President*

ROBERT STANLEY
Recording Secretary

DON HENLEY
*Trustee*

DAN HERNANDEZ
*Trustee*

TERESA PADILLA
*Trustee*

October 16, 2017

US Postal

Kris De Nava
11025 San Miguel Way
Montclair, Ca. 91763

Re: Grievance # AZ070717-01

Dear Kris,

Attached you will find a copy of the Board of Adjustment Decision that was issued on October 11, 2017.

Therefore based on a copy of this letter to the Company representative, this Local Union is reporting this matter as closed.

Questions concerning the above should be directed to my attention at the Local Union office.

Fraternally and sincerely,

Dan Hernandez
Business Representative

Cc: Mike Bergen, Secretary Treasurer
Joanne Dowd, Manager

EXHIBIT A
PAGE 20

Case 2:19-cv-09347-PA-JC Document 8 Filed 10/31/19 Page 22 of 28 Page ID #:122

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Pomona Courthouse South
400 Civic Center Plaza, Pomona, CA 91766

FILED
Superior Court of California
County of Los Angeles
05/06/2019
Sherri R. Carter, Executive Officer / Clerk of Court
By: Candice S. Calagna Deputy

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
19PSCV00423

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Gloria White-Brown | J | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 05/07/2019 (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Candice S. Calagna, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Case 2:19-cv-09347-PA-JC Document 8 Filed 10/31/19 Page 23 of 28 Page ID #:125

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
05/09/2019
Sherri R. Carter, Executive Officer / Clerk of Court
By: Londie Olmos, Deputy

| | |
|---|---|
| COURTHOUSE ADDRESS: Pomona Courthouse South, 400 Civic Center Plaza, Pomona, CA 91766 | |
| PLAINTIFF: Kris De Nava | |
| DEFENDANT: Costco Wholesale Membership, Inc., a California Corporation | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 19PSCV00423 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|---|---|---|
| 10/03/2019 | 8:30 AM | J |

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 05/09/2019

Gloria White-Brown / Judge
Judicial Officer

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Pomona, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Matthew Malczynski
333 W. Foothill Blvd.
Glendora, CA 91741

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 05/09/2019

By Londie Olmos
Deputy Clerk

Case 2:19-cv-09347-PA-JC Document 8 Filed 10/31/19 Page 25 of 28 Page ID #:125

SUM-100

Amended **SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

Additional Parties Attachment Form is Attached

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

KRIS DE NAVA, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Pomona Courthouse South
400 Civic Center Plaza
Pomona, CA 91766

CASE NUMBER:
*(Número del Caso):*
19PSCV00423

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Glenn E. Stern, Glenn Stern Law, 333 W. Foothill Blvd., Glendora, CA 91741 (626) 335-6844

DATE: *(Fecha)* 09/26/2019
Sherri R. Carter Executive Officer / Clerk of Court
Clerk, by *(Secretario)* Jacqueline Gonzalez , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]




**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [XX] on behalf of *(specify):* Teamsters Union Local 166, a California unincorporated association

under: [ ] CCP 416.10 (corporation)
[ ] CCP 416.20 (defunct corporation)
[XX] CCP 416.40 (association or partnership)
[ ] CCP 416.60 (minor)
[ ] CCP 416.70 (conservatee)
[ ] CCP 416.90 (authorized person)
[ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| De Nava v. Costco Wholesale Corporation | 19PSCV00423 |

**INSTRUCTIONS FOR USE**

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

COSTCO WHOLESALE CORPORATION, a Washington Corporation; TEAMSTERS UNION LOCAL 166, a California unincorporated association; and DOES 1-50, inclusive

Page ______ of ______



Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Case 2:19-cv-09347-PA-JC Document 8 Filed 10/31/19 Page 28 of 28 Page ID #:128

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party of the within action. My business address is 3550 Wilshire Boulevard, Suite 2000, Los Angeles, CA 90010.

On **October 31, 2019,** I served the foregoing document described as **CONSENT TO AND JOINDER IN NOTICE OF REMOVAL OF DEFENDANT COSTCO WHOLESALE CORPORATION; AND NOTICE OF REMOVAL OF DEFENDANT LOCAL 166** on the parties or attorneys for parties in this action who are identified below using the following means of service.

Glenn Stern, Esq.
Matt Malczynski, Esq.
Glenn Stern Law
333 W. Foothill Blvd
Glendora, CA 91741
Email: Glenn Stern (glennstern@sternatlaw.com;
Matt Malczynski
(mattmalczynski@sternatlaw.com

x **BY MAIL**. I placed _ the original or _ a true and correct copy of the foregoing document in sealed envelope(s) individually addressed to each of the parties on the attached service list, and caused each such envelope to be deposited in the mail at 3550 Wilshire Boulevard, Suite 2000, Los Angeles, CA 90010. Each envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, mail is deposited with the U.S. Postal Service on the same day that it is collected in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___ BY PERSONAL SERVICE. I placed __ the original or __ a true and correct copy of the foregoing document in sealed envelope(s) individually addressed to each of the parties listed above, and caused such envelope to be delivered by hand to the offices of each addressee.

___ BY E-MAIL. I caused a true and correct copy the foregoing document(s) to be transmitted by e-mail electronic transmission to the e-mail as last given by that person on any document which he or she has filed in this action and served upon this office.

Executed on **October 31, 2019,** at Los Angeles, California.

X **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Cheryl Winborne

#323696.1

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
MATTHEW S. MCCONNELL, Cal. Bar No. 209672
TARA WILCOX, Cal. Bar No. 157015
12775 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIS DE NAVA,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE MEMBERSHIP, INC., a California corporation and DOES 1-50,<br><br>Defendants. | Case No. 5:19-cv-2082<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331**<br><br>**[FEDERAL QUESTION JURISDICTION]** |

Case 2:19-cv-09347-PA-JC Document 1 Filed 10/30/19 Page 2 of 6 Page ID #:2

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Costco Wholesale Corporation ("Costco") hereby provides notice pursuant to 28 U.S.C. § 1446(d) that it has removed an action pending in the Superior Court of the State of California for the County of Los Angeles ("Superior Court"), Case No. 19PSCV00423. In accordance with 28 U.S.C. 1446(a), the following is a short and plain statement of the grounds for removal of the case and a listing of pleadings to date.

1. On or about May 9, 2019, plaintiff Kris De Nava ("Plaintiff") filed a Complaint against Costco Wholesale Membership, Inc. (“CWM”) in the Superior Court. CMC was served with the Complaint on May 9, 2019. A copy of the Summons and Complaint are attached to the Declaration of Matthew S. McConnell as Exhibit A.

2. On or about May 22, 2019, before CWM filed any responsive pleading, Plaintiff was informed that CWM was the wrong defendant, and that the correct defendant was Costco Wholesale Corporation. (McConnell Decl., ¶ 3.) Plaintiff thereafter submitted to the Superior Court an Amendment to Complaint stating that CWM was not the correct defendant and that the correct name of the entity defendant was Costco Wholesale Corporation (“Costco”). Plaintiff did not formally serve Costco with a copy of the Amendment to Complaint, but instead emailed a copy on May 31, 2019 upon request of Costco. A copy of the Amendment to Complaint is attached to the Declaration of Matthew S. McConnell as Exhibit B.

3. Plaintiff never served the original Summons and Complaint on Costco. (McConnell Decl., ¶ 4.) Instead, on or September 26, 2019, Plaintiff filed a First Amended Complaint in the Superior Court naming Costco and Teamsters Union Local 166

Case 2:19-cv-09347-PA-JC Document 1-1 Filed 10/30/19 Page 3 of 6 Page ID #:13

("Teamsters") as defendants. Costco was served with the First Amended Complaint and Amended Summons on October 1, 2019. A copy of the First Amended Complaint and Amended Summons are attached to the Declaration of Matthew S. McConnell as Exhibit C. The First Amended Complaint and Amended Summons are the only documents which have been served upon Costco in this action. See 28 U.S.C. § 1446(a) (defendant must provide district court with "a copy of all process, pleadings, and orders served upon such defendant").

4. *Timely Filing of Notice*. Costco's Notice of Removal is timely because it was filed within thirty days of service of the First Amended Complaint from which it could first be ascertained that the case was removable. See 28 U.S.C. § 1446(b). As mentioned, Costco was never served with the original Summons and Complaint. (McConnell Decl., ¶ 4.)

5. *Federal Question Jurisdiction*. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, and removal is proper under 29 U.S.C. § 1441(b) in that:

a. In the First Cause of Action for Breach of Contract, Plaintiff acknowledges that Costco entered into a "Member Agreement" with the Teamsters and that Costco breached that Member Agreement by failing to follow the enumerated employee discipline and discharge provisions. (First Amended Complaint ¶¶ 28, 32, 34.)

b. In the Second Cause of Action for Breach of Implied-In Fact Contract, Plaintiff alleges that a Member Agreement was entered into between Costco and the Teamsters, that an implied-in fact employment agreement was also created which required good cause

Case 2:19-cv-09347-PA-JC Document 1-2 Filed 10/30/19 Page 4 of 8 Page ID #:24

for her termination, and that Costco breached such agreement. (First Amended Complaint ¶¶ 42, 43.)

c. In the Third Cause of Action for Breach of Covenant of Good Faith and Fair Dealing, Plaintiff alleges that Costco took action to interfere with Plaintiff's right to receive benefits under the Member Agreement between Costco and the Teamsters and the implied-in fact employment agreement, which resulted in her being terminated without good cause. (First Amended Complaint ¶¶ 52, 54.)

d. In the Fifth Cause of Action for Intentional Misrepresentation, Plaintiff alleges that a Member Agreement was entered into between Costco and the Teamsters, and that Costco made representations to Plaintiff "pursuant to [this] Member Agreement" regarding the policies and procedures under which Plaintiff's employment could be terminated. (First Amended Complaint ¶¶ 69-72.)

e. At all relevant times alleged in the Complaint, Plaintiff was a member of the Teamsters Union Local 166. (First Amended Complaint ¶ 14.)

f. At all relevant times alleged in the Complaint, Costco was a party to a Collective Bargaining Agreement ("CBA") with the Teamsters. (First Amended Complaint ¶¶ 15, 28.)

g. The CBA governed the terms and conditions of Plaintiffs employment including but not limited to: the grounds and/or procedures by which Plaintiff could be disciplined or terminated. (First Amended Complaint ¶¶ 15, 16, 18, 19, 28-32.)

h. Plaintiff's claims for Breach of Contract, Breach of Implied-in Fact Contract, Breach of Covenant of Good Faith and Fair Dealing, and Intentional Misrepresentation will all require the interpretation of the CBA. As such, these four causes of action are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. 185 (a)

Case 2:19-cv-09347-PA-JC Document 1-2 Filed 10/30/19 Page 5 of 6 Page ID #:95

("LMRA"). See e.g., Lingle v. Norge Division of Magic Chef, Inc. (1988) 486 U.S. 399, 405-406 ("if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted").

i. Plaintiff cannot avoid preemption by couching his LMRA claims as a state law claims for breach of contract, breach of implied contract, breach of the covenant of good faith and fair dealing, or intentional misrepresentation. See e.g., Young v. Anthony's Fish Grottos, Inc. (9th Cir. 1987) 830 F.2d 993, 997 (holding that plaintiff's state law breach of contract claim was preempted even though operative complaint made no mention of a collective bargaining agreement); Pantazis v. Fior D'Italia, Inc. 1994 WL 519469 at * 5 (N.D.Cal. Sept. 20, 1994)("no independent [employment] agreement can exist where the subject matter of that agreement involves a job covered by a collective bargaining agreement"). Here, where Plaintiff specifically alleges she was a member of the Teamsters and that the union agreement between Costco and the Teamsters dictated the terms and conditions of her employment, all iterations of her claim that Costco breached those contract terms are preempted by section 301 of the LMRA.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in the State-Court Action.

Case 2:19-cv-09347-PA-JC Document 1-2 Filed 10/30/19 Page 6 of 6 Page ID #:36

In addition, Plaintiff has been served with this Notice of Removal, and the additional supporting pleadings, as reflected in the concurrently filed Proof of Service.

Dated: October 30, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Matthew S. McConnell
MATTHEW S. McCONNELL
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

## PRAYER FOR REMOVAL

WHEREFORE, Costco prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

Dated: October 30, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Matthew S. McConnell
MATTHEW S. McCONNELL

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
MATTHEW S. MCCONNELL, Cal. Bar No. 209672
TARA WILCOX, Cal. Bar No. 157015
12775 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIS DE NAVA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE MEMBERSHIP, a California corporation and DOES 1-50,<br><br>Defendants | Case No. 5:19-cv-2082<br><br>**DECLARATION OF MATTHEW S. MCCONNELL IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**[FEDERAL QUESTION JURISDICTION]**<br><br>[Los Angeles County Superior Court Case No. 19PSCV00423]<br><br>[Complaint Filed: May 6, 2019;<br><br>First Amended Complaint Filed: September 26, 019] |

Case 2:19-cv-09347-PA-JC Document 1-1 Filed 10/30/19 Page 20 of 47 Page ID #:8

I, Matthew S. McConnell, declare as follows:

1. I am an attorney with the law firm of Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for defendant Costco Wholesale Corporation ("Costco"). I have been involved with the defense of this case since its inception. I have personal knowledge of the facts stated herein, and if called as a witness to testify thereto, I could competently do so.

2. A true and correct copy of the Summons and Complaint filed by plaintiff Kris De Nava and naming Costco Wholesale Membership, Inc. ("CWM") as the only named defendant are attached hereto as Exhibit A. I am informed and believe that the Summons and Complaint were served on CWM on May 9, 2019.

3. In May 2019, before CWM filed any responsive pleading, I informed counsel for Plaintiff that CWM was the wrong defendant, and that the correct defendant was Costco Wholesale Corporation. On May 22, 2019, Plaintiff filed an Amendment to Complaint stating that CWM was not the correct defendant and that the correct name of the entity defendant was Costco Wholesale Corporation ("Costco"). Plaintiff did not serve a copy of the Amendment to Complaint on Costco. Instead, in response to several emails from me, counsel for Plaintiff emailed me a copy of it on May 31, 2019. A true and correct copy of the Amendment to Complaint is attached hereto as Exhibit B.

4. Costco was never served with the original Summons and Complaint. Instead, on September 26, 2019, Plaintiff filed a First Amended Complaint naming Costco and Teamsters Union Local 166 ("Teamsters") as defendants. I am informed and believe that Plaintiff thereafter served Costco with a copy of the First Amended Complaint and Amended Summons on October 1, 2019.

A true and correct copy of the First Amended Complaint and Amended Summons is attached hereto as Exhibit C. The First Amended Complaint named Costco and.

5. A true and correct copy of a page from the website of the Los Angeles County Superior Court is attached hereto as Exhibit D. I personally accessed and printed Exhibit D. Exhibit D appears to list all of the documents filed with the Superior Court pertaining to this matter.

I declare under penalty of perjury under the laws of the United States of America and California that the foregoing is true and correct.

Executed October 30, 2019, at San Diego, California.

[signature]

MATTHEW S. MCCONNELL

# EXHIBIT A

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/06/2019 03:15 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Calagna,Deputy Clerk
19PSCV00423

2:56p 5/9/19

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

KRIS DE NAVA, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Pomona Courthouse South
400 Civic Center Plaza
Pomona, CA 91766

CASE NUMBER:
*(Número del Caso):*
19PSCV00423

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Glenn E. Stern, Glenn Stern Law, 333 W. Foothill Blvd., Glendora, CA 91741 (626) 335-6844

Sherri R. Carter Executive Officer / Clerk of Court

DATE: 05/06/2019 Clerk, by Candice S. Calagna, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: COSTCO WHOLESALE MEMBERSHIP, INC

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*: 5/9/19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Electronically FILED by Superior Court of California, County of Los Angeles on 05/06/2019 03:15 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Calagna,Deputy Clerk
19PSCV00423

Assigned for all purposes to: Pomona Courthouse South, Judicial Officer: Gloria White-Brown

**GLENN STERN LAW**
Glenn E. Stern SBN 84485
Matthew P. Malczynski SBN 271258
Daniel G. Lopez SBN 315719
333 West Foothill Boulevard
Glendora, CA 91741
Telephone: (626) 335-6844
Facsimile: (213) 232-7111

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| KRIS DE NAVA, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE MEMBERSHIP, INC., a California corporation and DOES 1-50,<br><br>Defendants. | Case No.: 19PSCV00423<br><br>**COMPLAINT FOR:**<br><br>**1. BREACH OF CONTRACT**<br>**2. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>***Plaintiff Demands Jury Trial*** |

Plaintiff, by and through his undersigned attorney, against Defendants COSTCO WHOLESALE MEMBERSHIP, INC and DOES 1 through 50 (hereinafter collectively referred to as "Defendants"), respectfully allege the following:

## GENERAL ALLEGATIONS

1. Plaintiff, KRIS DE NAVA ("PLAINTIFF" or "MS. DE NAVA") resides in Montclair, California, and has resided in the County of Los Angeles at all times relevant herein.
2. Defendant COSTCO WHOLESALE MEMBERSHIP, INC. ("DEFENDANT" or "COSTCO"), a California corporation, is located in Azusa, California, County of Los Angeles and has done business in the county of Los Angeles at all relevant times.
3. At all times mentioned herein, PLAINTIFF was employed by DEFENDANT.

4. Defendant is a California corporation in Azusa, California, County of Los Angeles that employs more than five (5) people and thus this court has jurisdiction to hear this matter pursuant to §12926 of the Government Code.
5. PLAINTIFF is ignorant of the true names and capacities, whether corporate, individual, partnership, association or otherwise, of Defendants sued herein as fictitious DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained.
6. Whenever in this complaint reference is made to "Defendants, and each of them," such allegation shall be deemed to mean the acts of all Defendants acting individually, jointly, and/or severally.
7. PLAINTIFF is informed and believes, and thereon alleges that, each of the fictitiously named Defendants, has contributed in some manner to PLAINTIFF's damages as hereinafter alleged, and that PLAINTIFF's rights against such fictitiously named Defendants arise from such contribution.
8. PLAINTIFF is informed and believes and based upon such information and belief alleges that at all times mentioned, each of the Defendants was the agent and employee of each of their Co-Defendants and, in doing the things herein mentioned, were acting within the scope of their authority as such agents and employees and with the permission and consent of their Co-Defendants.
9. The allegations sued upon herein occurred in Los Angeles County, California.

## FACTS

10. PLAINTIFF was an employee of COSTCO for over 25 years.
11. PLAINTIFF worked as a Cashier for COSTCO at Store # 412 located in Azusa, California.
12. COSTCO had an employment agreement with PLAINTIFF where she could not be terminated without just cause.

Case 2:19-cv-09347-PA-JC Document 1-1 Filed 10/30/19 Page 39 of 47 Page ID #:14

13. PLAINTIFF also had an agreement with COSTCO wherein COSTCO would excuse a total of two days of absence each calendar month caused by PLAINTFF's documented health condition.

14. COSTCO's employee handbook states termination due to attendance is possible if an employee has eleven absences within a twelve month period.

15. COSTCO's policy was to count absences by occurrence if an employee is out for two or more consecutive days.

16. On or about June 21, 2017 PLAINTIFF was working as Cashier at COSTCO when she felt very ill and fainted. An ambulance was called out and PLAINTIFF went to the emergency room.

17. On or about June 21, 2017 PLAINTIFF received a doctor's note excusing PLAINITIFF from work from June 21, 2017 through June 25, 2017 and June 27, 2017 through June 28, 2017.

18. On or about June 29, 2017 COSTCO issued PLAINTIFF a corrective consultation regarding absenteeism stating that PLAINTIFF was absent 12 times within one year. COSTCO also suspended PLAINTIFF for 3 days.

19. On or around July 6, 2017 COSTCO terminated PLAINTIFF without just cause.

20. On June 22, 2017 PLAINTIFF actually had only 10 absences which, per COSTCO's employee handbook, should have only warranted a written corrective consultation and not termination.

21. COSTCO incorrectly calculated PLAINTIFF'S absences within a one year period.

22. COSTCO has not terminated other employees with 12 absences in a one year period.

23. COSTCO breached the employment agreement by violating Article IV of the employee handbook regarding its discharge policies.

24. PLAINTIFF exhausted her administrative remedies by filing a grievance with COSTCO alleging violations of Article IV of the employee handbook which led to her termination.

25. On or about October 11, 2017, COSTCO denied the grievance based on a majority decision from the panel.

26. PLAINTIFF has been damaged, including suffering from severe mental, physical and emotional distress by COSTCO's actions giving rise to this lawsuit.

**FIRST CAUSE OF ACTION**

**BREACH OF EMPLOYMENT CONTRACT**

*(PLAINTIFF Against Defendant COSTCO and DOES 1-50)*

27. PLAINTIFF incorporates by reference all prior paragraphs in this Complaint as if fully set forth at this point.

28. PLAINTIFF and COSTCO entered into an employment relationship.

29. COSTCO promised by words or conduct to follow the terms of employment as outlined in their employee handbook.

30. COSTCO promised by words or conduct to discharge PLAINTIFF only for good cause.

31. COSTCO promised by words or conduct that prior to terminating PLAINTIFF the circumstances must be reviewed with an Executive Vice President or above.

32. COSTCO promised by words or conduct that all employees shall be treated equally in respect to corrective consultations and there shall be no preferential treatment.

33. PLAINTIFF substantially performed her job duties.

34. COSTCO discharged PLAINITFF without good cause.

35. COSTCO did not review the circumstances with an Executive Vice President or above.

36. COSTCO did not treat all employees equally in respect to corrective consultations and/or practiced preferential treatment.

37. PLAINTIFF was harmed by the discharge.

38. PLAINTIFF was harmed by the violation of COSTCO's agreement regarding corrective consultation review.

39. PLAINTIFF was harmed by unequal treatment and/or preferential treatment regarding employee absences.

SECOND CAUSE OF ACTION

BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

*(PLAINTIFF Against Defendant COSTCO and DOES 1-50)*

40. PLAINTIFF incorporates by reference all prior paragraphs in this Complaint as if fully set forth at this point.

41. COSTCO wrongfully added extra absences to PLAINTIFF's twelve month window which prevented PLAINTIFF from receiving the benefits that she was entitled to have received under the contract.

42. COSTCO'S conduct was a failure to act fairly and in good faith; and

43. PLAINTIFF was harmed by COSTCO'S conduct.

PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against Defendant COSTCO as follows:

1. For general damages according to proof at the time of trial, mental pain and anguish and emotional distress, according to proof;
2. For special damages according to proof at the time of trial including lost wages; earnings, retirement benefits and other employee benefits, and all other sums of money; together with interest on these amounts, according to proof;
3. For compensatory damages according to proof;
4. For prejudgment interest; and
5. Any other relief that is just and proper.

DATE: May 3, 2019

GLENN STERN LAW

By: [signature]

Glenn E. Stern
Mathew P. Malczynski
Daniel G. Lopez
*Attorneys for Plaintiff*

Electronically FILED by Superior Court of California, County of Los Angeles on 05/06/2019 10:15 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Calagna,Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Glenn E. Stern SB # 84485, Matthew P. Malczynski SBN 271258<br>Daniel G. Lopez SBN 315719<br>Glenn Stern Law, 333 W. Foothill Blvd.<br>Glendora, CA 91741<br>TELEPHONE NO.: (626) 335-6844 FAX NO.:<br>ATTORNEY FOR (Name): Kris De Nava | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 400 Civic Center Plaza<br>MAILING ADDRESS: 400 Civic Center Plaza<br>CITY AND ZIP CODE: Pomona 91766<br>BRANCH NAME: Pomona Courthouse South | |
| CASE NAME:<br>Kris De Nava v. Costco Wholesale Membership, Inc. | |
| **CIVIL CASE COVER SHEET**<br>☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less)<br>**Complex Case Designation**<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1\. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2\. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3\. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive

4\. Number of causes of action *(specify)*: 2

5\. This case ☐ is ☑ is not a class action suit.

6\. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5-6-2019

Daniel G. Lopez
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: De Nava v. Costco Wholesale Membership, Inc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: De Nava v. Costco Wholesale Membership, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☒ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: De Nava v. Costco Wholesale Membership, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages<br>☐ A6123 Workplace Harassment With Damages<br>☐ A6124 Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: De Nava v. Costco Wholesale Membership, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | | | ADDRESS: |
|---|---|---|---|
| 1. 2. 3. 4. ✓ 5. 6. 7. 8. 9. 10. 11. | | | 1220 West Foothill Boulevard |
| CITY: Azusa | STATE: CA | ZIP CODE: 91702 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the East District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 5-6-2019

(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp<br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/06/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: Candice S. Calagna Deputy |
| COURTHOUSE ADDRESS:<br>Pomona Courthouse South<br>400 Civic Center Plaza, Pomona, CA 91766 | |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>19PSCV00423 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Gloria White-Brown | J | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 05/07/2019 (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Candice S. Calagna, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Case 2:19-cv-09347-PA-JC Document 1-2 Filed 10/30/19 Page 47 of 47 Page ID #:24

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.