# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 1. Notice of Appeal from a Judgment or Order of a United States District Court

Name of U.S. District Court: Central District of California

U.S. District Court case number: 2:19−cv−09347−PA (JCx)

Date case was first filed in U.S. District Court: 10/30/2019

Date of judgment or order you are appealing: 10/31/2019 (Docket number 14)

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

◉ Yes ○ No ○ IFP was granted by U.S. District Court

---

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

Teamsters Union Local 166

Is this a cross-appeal? ○ Yes ◉ No

If Yes, what is the first appeal case number?

Was there a previous appeal in this case? ◉ Yes ○ No

If Yes, what is the prior appeal case number? 19-72844

Your mailing address:

Reich, Adell & Cvitan, a PLC

3550 Wilshire Blvd., Suite 2000

City: Los Angeles State: CA Zip Code: 90010

Prisoner Inmate or A Number (if applicable):

**Signature** /s/ William Y. Sheh **Date** Dec 2, 2019

*Complete and file with the attached representation statement in the U.S. District Court*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Teamsters Union Local 166

Name(s) of counsel (if any):

Laurence S. Zakson, Esq.
William Y. Sheh, Esq.

Address: 3550 Wilshire Blvd., Suite 2000, Los Angeles, CA 90010

Telephone number(s): 213-386-3860

Email(s): laurencez@rac-law.com; williams@rac-law.com

Is counsel registered for Electronic Filing in the 9th Circuit? ◉ Yes ○ No

---

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

Kris De Nava

Name(s) of counsel (if any):

Glenn E. Stern, Esq.
Matthew P. Malczynski, Esq.

Address: 333 W. Foothill Blvd., Glendora, CA 91741

Telephone number(s): 626-335-6844

Email(s): glennstern@sternatlaw.com; mattmalczynski@sternatlaw.com

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Continued list of parties and counsel: *(attach additional pages as necessary)*

**Appellants**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit? ○ Yes ○ No

**Appellees**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-09347 PA (JCx) | Date | October 31, 2019 |
| Title | Kris De Nava v. Costco Wholesale Membership, Inc. | | |

Present: The Honorable PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Notice of Removal filed by defendant Costco Wholesale Corporation ("Defendant"). (Docket No. 1.) Defendant asserts that the Court has federal question jurisdiction over this action, which is brought by plaintiff Kris De Nava ("Plaintiff"). See 28 U.S.C. § 1331. Plaintiff originally commenced this action in the Superior Court of California for the County of Los Angeles on May 9, 2019 against Costco Wholesale Management. (Docket No. 1, Decl. of Matthew S. McConnell, Ex. A.) Plaintiff served Defendant with a copy of the First Amended Complaint and Amended Summons, naming the correct Defendant, on October 1, 2019. (Id. at ¶ 4.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, the plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Defendant contends that the Court has federal question jurisdiction because this action arises under section 301 of the Labor Management Relations Act ("LMRA"). (Docket No. 1.) Section 301 of

the LMRA states that "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). The Supreme Court has interpreted section 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985). This preemption of state claims "extend[s] beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by references to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Id. at 210-11. However, the scope of section 301 preemption is not absolute:

> [N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law. . . . Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

Id. at 211-12. "In order to help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000) (citing Livadas v. Bradshaw, 512 U.S. 107, 123-26 (1994)). In particular, "when the meaning of contract terms is not subject to dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas, 512 U.S. at 124 (citing Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 n.12 (1988)).

"[E]ven if dispute resolution pursuant to a collective-bargaining agreement, on one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 preemption purposes." Lingle, 486 U.S. at 409-10. Accordingly, preemption under

Case 2:19-cv-09347-PA-JC Document 14 Filed 10/31/19 Page 3 of 4 Page ID #:161



section 301 requires a two-step analysis. Alaska Airlines Inc. v. Schurke, 898 F.3d 904, 920-22 (9th Cir. 2018) (en banc); Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059-60 (9th Cir. 2007).

First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a collective-bargaining agreement." Burnside, 491 F.3d at 1059. "If a claim arises entirely from a right or duty of the [collective-bargaining agreement ('CBA')]—for example, a claim for violation of the labor agreement, whether sounding in contract or in tort—it is, in effect, a CBA dispute in state law garb, and is preempted. In such cases, the CBA is the 'only source' of the right the plaintiff seeks to vindicate." Alaska Airlines, 898 F.3d at 921 (footnote, citations, and internal quotation marks omitted). "[C]laims are not simply CBA disputes by another name, and so are not preempted under this first step, if they just refer to a CBA-defined right; rely in part on a CBA's terms of employment; run parallel to a CBA violation; or invite use of the CBA as a defense." Id. (citations omitted).

Second, if the right asserted by the plaintiff is conferred by state law, the Court must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective bargaining agreement." Burnside, 491 F.3d at 1059 (quoting Caterpillar, 482 U.S. at 394). If the claim requires the court to "interpret," rather than merely "look to," the CBA, then the claim is substantially dependent thereon and is preempted by section 301. Id. at 1060. "The plaintiff's claim is the touchstone for this analysis; the need to interpret the collective-bargaining agreement must inhere in the nature of the plaintiff's claim." Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007) (alteration omitted) (quoting Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001) (en banc)). "[It is not] enough that resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language—for example, to discern that none of its terms is reasonably in dispute; to identify bargained-for wage rates in computing a penalty; or to determine whether the CBA contains a clear and unmistakable waiver of state law rights." Alaska Airlines, 898 F.3d at 921-22 (alterations, citations, and internal quotation marks omitted).

The primary focus of Plaintiff's Complaint is that Defendant fired Plaintiff based on Defendant's miscalculation of the number of Plaintiff's absences, and failed to treat all employees equally. (Docket No. 1-8.) Plaintiffs assert the following claims: (1) breach of contract, (2) breach of implied-in-fact employment contract, (3) breach of the implied covenant of good faith and fair dealing, (4) breach of duty of fair representation, and (5) intentional misrepresentation. (Id. at ¶¶ 27-81.) Defendant states in a conclusory fashion that Plaintiff's state law claims will "require the interpretation of the CBA," but Defendant does not state what, if any, provisions of the CBA the Court will be required to interpret. (Docket No. 1 at 3.) Defendant has failed to persuade the Court that anything more than "look[ing] at" the CBA would be required to resolve whether Plaintiff was wrongfully terminated. Although reference to the terms of an agreement may be necessary, legal interpretation of those terms is unlikely to be even a marginal aspect of this case. Cf. Ramirez v. Fox Television Station, 998 F.2d 743, 749 (9th Cir. 1993) ("[R]eference to or consideration of the terms of a collective-bargaining agreement is not the equivalent of interpreting the meaning of the terms."); see also Burnside, 491 F.3d at 74 ("The basic legal issue presented by this case, therefore, can be decided without interpreting the CBA. Depending on how that

Case 2:19-cv-09347-PA-JC Document 14 Filed 10/31/19 Page 4 of 4 Page ID #:102

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-09347 PA (JCx) | Date | October 31, 2019 |
| --- | --- | --- | --- |
| Title | Kris De Nava v. Costco Wholesale Membership, Inc. | | |

issue is resolved, damages may have to be calculated, and in the course of that calculation, reference to – but not interpretation of – the CBAs, to determine the appropriate wage rate, would likely be required.") (emphasis in original).

For the foregoing reasons, the Court concludes that Defendant has not met the burden of showing this Court has subject matter jurisdiction over Plaintiff's claims. This action is therefore remanded to the Superior Court of California in Los Angeles, Case No. 19PSCV00423, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.